470

Dwight H. Edwards *vs.* American Railway Express Company.

Androscoggin.      Opinion January 27, 1930.

*Tascus Atwood*, for plaintiff.
*W. B. & H. N. Skelton*, for defendant.

Sitting: Deasy, C. J., Dunn, Sturgis, Barnes, Pattangall, Farrington, JJ.

Sturgis, J.   The plaintiff on December 29, 1927, purchased twenty-eight horses in New York City and shipped them to Auburn, Maine, via American Railway Express. When the car reached Troy, N. Y., it was discovered that two horses were down and badly injured. They were unloaded and, by advice of a veterinary, immediately shot.

The shipment was made under the form of carrier's contract in

general use for the shipment of ordinary live stock, limiting the carrier's liability to injuries to or loss of the animals caused by its negligence or that of its agents or employees. The risk of loss or damage resulting from the nature or propensities of the horses was assumed by the shipper.

The plaintiff relies solely on his allegation that the Express Company negligently "shipped the horses in an improperly fitted car, the floor being wet and slippery, when it should have had a covering of hay or gravel." He must prove that his loss actually resulted from the negligence of the Express Company. *Grant* v. *Express Co.*, 126 Me., 489 ; *Morse* v. *Canadian P. R. Co.*, 97 Me., 77. His proof lies within the limits of his allegations and must be of legal weight and sufficiency.

Mere conjecture or choice of possibilities is not proof. A proposition is not proved so long as the evidence furnishes ground for conjecture only, nor until the evidence becomes inconsistent with the negative. To choose between two possibilities is guess work, not decision, unless there is something more which leads a reasoning mind to one conclusion rather than to the other. *McTaggart* v. *Railroad Co.*, 100 Me., 223, 230, 231 ; *Titcomb* v. *Powers*, 108 Me., 347, 349.

The record discloses that twenty-eight horses were loaded at New York. They were in good condition at Albany. But two horses were down and badly kicked and trampled upon at Troy. It is entirely possible that the horses got down in the first instance from causes independent of the condition of the floor.

Witnesses for the plaintiff, however, say that, when the car was unloaded at Troy and the injured horses taken out, the floor was wet and slippery, and horse shippers, called as experts, expressed the opinion that such a condition was the result of a failure to properly prepare the floor in New York.

Disregarding the affirmative evidence introduced by the defendant tending to prove that the floor of the car was properly bedded with sand and a layer of shavings when the horses were loaded, we are of the opinion that it is only conjecture that the condition of the floor was the proximate cause of the loss of the horses.

A careful examination of all the evidence leaves the conviction that there is no determining factor in this case which warranted the jury in selecting the possibility favorable to the plaintiff rather

than the one to the contrary. It is evident that they did no more. For the reasons stated, the plaintiff should not hold his verdict. The motion for a new trial must be sustained.

*Motion sustained.*
*Verdict set aside.*