RALPH C. LORING *vs.* MAINE CENTRAL RAILROAD COMPANY.

Cumberland.        Opinion November 25, 1930.

*Walter A. Cowan*, for plaintiff.
*George E. Fogg*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, JJ. PHILBROOK, A. R. J.

STURGIS, J. This action of tort to recover damages for injuries received by the plaintiff while employed by the defendant

Railroad Company, as a signal helper, comes before the Law Court on exceptions to the refusal of the presiding Justice to direct a verdict for the defendant, and on a general motion.

The plaintiff, declaring in negligence at common law, alleges that the defendant is a non-assenting employer of more than five workmen, and invokes the provisions of the Workmen's Compensation Act, R. S., Chap. 50, as amended by P. L. 1919, Chap. 238, which bars the common law defenses (a) that the employee was negligent; (b) that the injury was caused by the negligence of a fellow employee; and (c) that the employee had assumed the risk of the injury.

The defendant, by its pleadings, seeks to bring the case within the Federal Employers' Liability Act of April 22, 1908, U. S. Comp. Statutes, Vol. 8, Secs. 8657-8665, averring that, at the time of the plaintiff's alleged injury, he was employed in work in or about instrumentalities used by the defendant in interstate commerce.

It is settled law that the plaintiff's right of recovery lies only in proof of negligence, the proximate cause of his injuries. This is the rule of the common law. It is the basis of liability under the Federal Employers' Liability Act. *N. Y. Cent. R. Co.* v. *Chisholm*, 268 U. S., 29; *N. Y. Cent. R. Co.* v. *Winfield*, 244 U. S., 147; *Southern Ry. Co.* v. *Gray*, 241 U. S., 333; *Seaboard Air Line Ry. Co.* v. *Horton*, 233 U. S., 492. Unless the record shows negligence on the part of the defendant Railroad Company, a consideration of the application of the Federal Employers' Liability Act is unnecessary.

There is no material controversy as to the facts. The plaintiff, a helper in the signal department of the defendant Railroad Company, on January 1, 1928, was assigned to the Lewiston section of the department as helper to the signal maintainer stationed there. His duties were to assist in the maintenance of the signal system of the section and included sweeping out and building the fires in the signal storehouse.

On Monday morning, February 13, 1928, the plaintiff, preparatory to building a fire in the stove in the shop of the storehouse, took a can of gasoline, thinking it was kerosene, from a shelf over a workbench and was seriously burned when the gasoline exploded.

The can was an ordinary, one gallon, galvanized iron can, unmarked as to contents, and similar in appearance to three other cans which sat on the same shelf, all unmarked, but containing respectively denatured alcohol, lubricating oil and kerosene. The gasoline can had been filled and placed on the shelf by the signal maintainer for use in filling a blow torch, but the plaintiff had received no notice or warning of the character of its contents.

It appears from the plaintiff's account of his mistake and the resultant explosion, and as he was alone at the time we must rely on him for these details, that on arriving at the shop on that Monday morning he broke up the crust of the soft coal in the bottom of the stove, turned the ashes over, cleared the grate and saw no signs of fire or live coals. He felt of the stove and it was cold. He then put some split up boxwood in the stove as kindlings and, going to the shelf over the workbench where the four unmarked gallon cans sat, passed by the first knowing it contained alcohol, determined by examination that the second can contained lubricating oil, took down the third can, smelled of the nozzle and concluding it contained kerosene put it back, took down the fourth can and finding it contained kerosene put it back and again took down the third can and went to the stove to pour, as he thought, kerosene on the kindlings. The plaintiff's positive statement, reiterated on cross examination, is that, as he got to the stove or near it, and tipped the can to pour its contents into the stove, but before any gasoline came out of the can, there was an explosion hurling a part of the can against him and covering him with flaming oil.

There is some evidence tending to prove that kerosene was more or less generally used in that section, as well as other sections of the signal division, for kindling fires. The plaintiff says, that during his employment by the defendant Railroad Company for the preceding five years in signal work, he had often used kerosene for this purpose and had repeatedly poured the oil on kindlings directly from the can in the presence and with the knowledge of the inspectors and maintainers under whom he worked.

A railroad is not a guarantor or insurer of the safety of the place of work or of the machinery or appliances of the work of its employees. It is not required to anticipate and guard against every

possible danger which may befall its employees but only such as are likely to occur and which, by the exercise of reasonable care, it could foresee and anticipate. Its duty at common law, which measures its duty under the Federal Act, is to use reasonable care to furnish a reasonably safe place and reasonably safe tools and appliances for the use of its employees. *Seaboard Air Line R. Co.* v. *Horton,* supra; *Patton* v. *Texas & P. R. Co.,* 179 U. S., 658; *Millett* v. *Railroad Co.,* 128 Me., 314; *Morey* v. *Railroad Co.,* 125 Me., 272; *Sheaf* v. *Huff,* 119 Me., 469. In the discharge of this duty, the law requires the employer of labor in the operation of railroads, as in other employments, to give suitable warnings to his employees of any and all special risks and dangers of the employment of which the master has knowledge or, by the exercise of reasonable care, should know, and which are unknown to the employee and would not be known and appreciated by him in the exercise of reasonable care on his part. *Hume* v. *Power Co.,* 106 Me., 78, 82; *Wiley* v. *Batchelder,* 105 Me., 536; *Welch* v. *Bath Iron Works,* 98 Me., 361; *Wormell* v. *Maine Central R. Co.,* 79 Me., 397; *Mather* v. *Rillston,* 156 U. S., 391. The employer is bound to warn his servant against perils reasonably to be anticipated while the employee is doing his work "in the way he was told to do it, if told at all, or if not told, in any way in which he might reasonably be expected to do it." *Wyman* v. *Berry,* 106 Me., 43, 48; *Colfer* v. *Best,* 110 Me., 465; *Montevilla* v. *The Furniture Co.,* 153 Wis., 292.

Gasoline is in common use in homes, in industry, and in transportation. It is used by persons of all ages and of varying intelligence and experience, and handled properly does not readily explode. This is common knowledge. We are not of opinion that actionable negligence can be predicated upon the mere fact that an employer, having gasoline in the place of work of his servant, to be used for specific purposes, fails to mark the container or give warning to the servant of the presence of the gasoline. To so hold would charge all persons having gasoline with a measure of care beyond the due and reasonable care required by law.

But the plaintiff says that in the case at bar the fact that gasoline was deposited in an unmarked can beside a similar can con-

taining kerosene, coupled with the plaintiff's long-standing habit of pouring kerosene from cans into stoves, which should have been known by the defendant, warrants a finding by the jury that a reasonably prudent person would anticipate such a mistaken use of gasoline as here occurred and the explosion which followed. If, upon the evidence, the explosion could fairly be attributed to pouring the gasoline on fire or coals in the stove, the plaintiff's contention would require serious consideration.

It is common knowledge that an explosion often results from pouring kerosene directly from a can upon a fire or live coals in the stove. Recognizing this fact, courts have declared such an act negligence *per se*. *Riggs* v. *Standard Oil Co.*, 130 Fed. Rep., 199; *McLawson* v. *Refining Co.*, 198 Mich., 222. See also *Farrell* v. *Miller Co.*, 147 Minn., 52; *Morrison* v. *Lee*, 16 N. D., 377; *Peterson* v. *Standard Oil Co.*, 55 Ore., 511. The explosive and inflammable qualities of gasoline leave little doubt that its use in a like manner would produce even a more certain and disastrous explosion.

In the case at bar, there is no evidence that the gasoline was poured into the stove. The plaintiff, who was alone at the time he was burned, positively denies that there was any fire in the stove, that he lit any matches, or that he poured any gasoline whatever out of the can. The cause of the explosion, upon the record, remains unexplained and unknown.

It may be that there was fire in the stove or live coals which escaped the plaintiff's notice, but that is guesswork. It may be that he did pour out some of the gasoline. If we travel the field of conjecture and consider spontaneous combustion, smoking by the plaintiff, electrical contact and ignition, or other possible causes, we travel outside of proof as does the plaintiff if he attempts to draw an inference of fire in the stove in the face of his own denials of its existence.

The mere happening of an accident carries with it no presumption of negligence on the part of the employer. It is an affirmative fact for the injured employee to establish that the employer has been guilty of negligence. It is not sufficient for the employee to show that the employer may have been negligent. The causal con-

nection between the defendant's act or omission complained of and the plaintiff's injury must not be left to conjecture or surmise, and, if the evidence leaves it uncertain as to what is the real cause of his injury, the injured employee fails to sustain the burden upon him, and sympathy for his misfortune can not justify a recovery for negligence which remains unproven. *Patton* v. *Texas & P. R. Co.*, supra; *Edwards* v. *Express Co.*, 128 Me., 470; *McTaggart* v. *Railroad Co.*, 100 Me., 223; *Lesan* v. *Maine Central R. R. Co.*, 77 Me., 85; *Sullivan* v. *Old Colony St. R. Co.*, 197 Mass., 512.

Considering the evidence in a light most favorable to the plaintiff, we are convinced that, upon this record, there is insufficient proof of the defendant's negligence to sustain a verdict. It is not necessary, therefore, to pass on the exceptions or determine the application of the Federal Employers' Liability Act. For the reason stated, upon the general motion the defendant must prevail.

*Motion granted.*
*New trial ordered.*