## MAINE CENT. R. CO. v. LORING.
### No. 2642.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

George E. Fogg, of Portland, Me., for appellant.

Walter A. Cowan, of Portland, Me., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an action of tort for personal injuries. There was a verdict for the plaintiff; and the case is here on the defendant's exceptions to certain rulings on evidence and to the refusal of the trial judge to direct a verdict in its favor.

The questions of evidence relate to the finding (or ruling) that one Turner was qualified to testify as an expert on the explosive properties of gasoline, and to the admission of testimony by him as to the differences between kerosene and gasoline in this particular. We find no abuse of discretion in permitting Turner to testify as an expert, and we think that the trial judge was right in admitting the testimony objected to. ·

There was evidence from which the jury might have found the following facts: The plaintiff worked in· the signal maintenance department of the defendant under one Jones as signal man. Their headquarters was the signal storehouse, a small building in which supplies, tools, spare parts, etc., were kept. It was heated by a stove, using soft coal as fuel. On the Monday morning in question the plaintiff arrived at the building before Jones and started to build the fire. He found in the stove the remains—apparently dead and cold—of Saturday's fire. He

372

broke them up, cleaned out the ashes, and put in some wood kindling. The plaintiff testified that he had been instructed by one of the defendant's foremen, under whom he had previously worked on another job, to use kerosene in starting fires, and that he intended to use kerosene on the kindling wood to start this fire. On a shelf near the stove were four one-gallon cans kept there with the knowledge of Jones. All were similar in appearance, and all were unmarked. They contained respectively kerosene, gasoline, heavy oil, and alcohol. The plaintiff, passing by the latter two, examined each of the others. He testifies that he did not know that any gasoline was kept on the shelf, and from his examination of the cans concluded that Mr. Jones had put two cans of kerosene there, instead of one can which had been there before. He mistook the gasoline for kerosene and poured some of it on the wood in the stove. There followed immediately a severe explosion by which he was badly burned.

The negligence claimed by the plaintiff consisted, as stated by the District Judge in his charge to the jury, in "placing an unmarked can of gasoline beside a similar can of kerosene, on a shelf with other similar cans, in a shop where an employe was accustomed to use kerosene in kindling the fire, which custom was known to and acquiesced in by his superiors who had in fact taught him to use kerosene, and who might have reason to think that the employe might, on occasion, mix the cans." On this issue the jury found for the plaintiff.

In our opinion the question was rightly submitted to the jury. It was for them to say whether Jones, for whose conduct the defendant is responsible, ought not to have anticipated that the plaintiff might use kerosene in starting the fire in the storehouse stove and for that purpose take the can of kerosene kept on the shelf there. In view of this it might be found to be negligence to allow gasoline to be kept on the same shelf in an unmarked can exactly like the kerosene can—especially in view of the testimony as to the practical difficulty in distinguishing by smell between the two substances. Indeed, on a somewhat broader view of the matter, considering the possibility of serious accident in various ways from using gasoline by mistake for kerosene, it might have been found to be negligent to keep the two side by side in similar and unmarked containers. Accepting the plaintiff's testimony, the accident was evidently caused by a live coal remaining from Saturday's fire which had sufficient heat to fire the gasoline.

The present question was not involved in the case between these parties in the Maine courts. The plaintiff's testimony as to the details of the accident appears to have been more precise and complete in this case than in the other one. The difference is material. In the opinion of the Supreme Judicial Court of Maine it is said: "If, upon the evidence, the explosion could fairly be attributed to pouring the gasoline on fire or coals in the stove, the plaintiff's contention would require serious consideration." Loring v. Maine Central R. Co., 129 Me. 369, 152 A. 527, 529. Exceptions overruled.

The judgment of the District Court is affirmed, with interest and costs.