## Moose-A-Bec Quarries Co., Inc.
### vs.
## Eastern Tractor and Equipment Co.

Washington.   Opinion, November 23, 1942.

*Eaton & Peabody,*

*Oscar H. Dunbar,*

*Thomas L. Marcaccio,* Providence, R. I., for the plaintiff.

*Clinton T. Goudy,*

*Wesley E. Vose,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, JJ.

MURCHIE, J.  This case is brought to the Court on exceptions by the plaintiff following a nonsuit ordered in the Trial Court. The bill of exceptions challenges not only the action of the Justice below in directing the nonsuit, but also his evidence ruling in admitting testimony offered to lay the foundation for a claim that the action was barred under the principle of *res judicata.* As we view the case, however, it is unnecessary to decide whether or not this established principle of law is applicable.

The plaintiff corporation, prior to December 24, 1940, operated a granite quarry on Hardwood Island within the limits of the Town of Addison. In the course of its operations, it maintained and operated a Diesel engine, housed in one of several closely-grouped buildings of wood and wood-frame and sheet-metal construction. Some days prior to the date aforesaid, trouble with the engine developed and the defendant was requested by telephone to provide a competent workman to overhaul the engine and to supply whatever parts were neces-

sary to put it in good operating condition. On or about December 22, an employee of the defendant examined the engine and ordered the necessary parts, and thereafter, as deposed by plaintiff's representative and as alleged in the declaration, that employee of defendant was given possession and exclusive charge and control of the engine, of the building in which it was housed and of its contents, for the purpose of doing the work for which the defendant was employed. Simultaneously the plaintiff's principal officer instructed two of its regularly employed servants to act as helpers for defendant's employee, and so advised the latter.

It is the contention of the plaintiff, and it is supported in the evidence, that the prevailing temperature was such that repair of the engine was impossible in an unheated building, and on the record it would have been proper for a jury to determine that the defendant's undoubted employee and plaintiff's two loaned servants built and constructed an unusual, and perhaps an unsafe, heating appliance, to supply the necessary heat. On December 24th, while the three were eating their noon-day meal at a camp maintained by plaintiff a few minutes walk from the scene, fire of undetermined origin started in the building where this appliance was located and destroyed the buildings, with the engine and other machinery and equipment located therein. The plaintiff seeks recovery of its money damage caused by the burning.

The record is entirely void of evidence indicating any act of negligence on the part of either defendant's employee or plaintiff's loaned servants other than the act, already referred to, of constructing an unsafe heating appliance (assuming its character to be such). The plaintiff bases its claim to recovery on the rule of *res ipsa loquitur* and the assumption that the fire originated either from the operation of the heating appliance itself, or from a blow-torch which the evidence discloses was used in connection with the repair work and was found after the fire in the pit beneath the engine. Either of these theories, however, presents nothing more than conjecture, and con-

jecture is not proof. *Smith* v. *Lawrence et al.,* 98 Me., 92, 56 A., 455; *McTaggart* v. *Maine Central Railroad Company,* 100 Me., 223, 60 A., 1027; *Edwards* v. *American Railway Express Company,* 128 Me., 470, 148 A., 679; *Loring* v. *Maine Central Railroad Company,* 129 Me., 369, 152 A., 527; 45 C. J., 1210, Par. 778 (e).

If it is assumed that the fire originated in the act of a servant of the defendant, working upon the engine, in negligently leaving a blow-torch when he went to lunch so that fire would spread from it, the defendant might be responsible because the act of negligence would have been committed in the course of his agent's employment. Again, if it is assumed, as the only other alternative, that the fire originated in the operation of the emergency heating appliance or in the failure to guard appropriately against the spread of fire therefrom when the employees departed at the lunch hour, the same thing might be true, if heating the building to make it possible to do work on the engine fell within the scope of the work defendant was employed to do. It is not necessary to a decision of the case, however, to determine either whether such heating fell within the scope of the employment of defendant's employees or whether the plaintiff's loaned servants became such, but it may be noted that the relationship of employer and employee is not necessarily created when the servant of one person is directed to do work pointed out to him by another. *Wilbur* v. *Forgione and Romano Company et al.,* 109 Me., 521, 85 A., 48; *Frenyea* v. *Maine Steel Products Co.,* 132 Me., 271, 170 A., 515; *Driscoll* v. *Towle,* 181 Mass., 416, 63 N. E., 922.

Equally plausible assumptions are that the fire was caused by spontaneous combustion, since the record discloses clearly that there were oil-soaked rags on the premises and that oil-soaked surfaces were present in abundance, or that it might be traced to a burning cirgarette dropped on the premises by defendant's undoubted employee, by either of plaintiff's loaned servants, or by a stranger who visited with the three workmen shortly before the start of the fire.

The mere statement of these several, and contradictory, possibilities as to the origin of the fire is an answer to the plaintiff's present contention. A definite limitation on the applicability of the principle of *res ipsa loquitur* is well stated in *Ridge* v. *R. R. Co.*, 167 N. C., 518, 83 S. E., 762, L. R. A., 1917 E, 215, quoted with approval in *Edwards et al.* v. *Cumberland County Power & Light Co.*, 128 Me., 207, at 213, 146 A., 700, at 703:

" 'This maxim of the law extends no further in its application to cases of negligence than to require the case to be submitted to the jury upon the facts in issue.' "

Such submission, obviously, should be made only when the evidence presented is such that a finding of fact that the damage resulted from a cause for which the defendant was answerable could be sustained. It is not error in law to direct a verdict (or order a nonsuit) when the testimony is such that a contrary verdict could not be allowed to stand. *Coleman* v. *Lord et al.*, 96 Me., 192, 52 A., 645; *Johnson* v. *Terminal Co.*, 131 Me., 311, 162 A., 518; *Winslow* v. *Tibbetts*, 131 Me., 318, 162 A., 785. The principle of *res ipsa loquitur* is inapplicable when the damage might be traceable either to an act of negligence for which the defendant would be chargeable, or to accident or other cause for which he could not be held. 38 Am. Jr., 1000, Par. 303.

"A proposition is not proved so long as the evidence furnishes ground for conjecture only, or until the evidence becomes inconsistent with the negative." *McTaggart* v. *Maine Central Railroad Company*, supra.

There is nothing in the record to negative the possibility, equally good with any other, that the particular fire was the result of spontaneous combustion or of a burning cigarette carelessly discarded by a person having no connection with the defendant.

*Exceptions overruled.*