BERNARD R. CRATTY
*vs.*
SAMUEL ACETO & CO.

Kennebec.   Opinion, August 4, 1955.

*Cratty & Cratty,* for plaintiff.

*Locke, Campbell, Reid & Hebert,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, JJ., THAXTER, A. R. J.  TAPLEY, J., did not sit.

FELLOWS, C. J.   This section for alleged negligence in blasting comes to the Law Court on plaintiff's exceptions to the acceptance of a report of three referees by the Justice of the Superior Court for Kennebec County.

The record shows that it was stipulated and agreed that the defendant Corporation did the blasting in connection with the laying of a sewer along the bank of the Messalonskee Stream in Waterville for the Waterville Sewerage District; that the plaintiff's house is located approximately two hundred (200) feet westerly of the situs of said blasting, and that the plaintiff was in the exercise of due care.  ·

The plaintiff testified "I noticed a crack in my foundation wall after the blasting commenced, and I felt I could attribute it to the blasting, but I wasn't sure at that particular time.  However, I was put on guard and I was upset to a certain degree.  It happened just a few days thereafter that I was home early, around eleven o'clock one noon, as I had to go somewhere in the afternoon, for an early lunch. And, at 11:30 there was a particularly large blast, and I immediately went down cellar to look at this crack in the wall to see if it had gotten any larger, and I saw a difference in the crack, which developed right at the foot of the stairs, in that it is and it was still in the process of developing this second crack.  It was not in the same place as the first one was, and it was of a nature whereby there was many small cracks at one point, and the strain of these small cracks created a larger crack in the top of the wall.  And, this particular crack I know was caused by the blasting because I was there and I saw it, and I saw the defendant working out there, looking out of the window of my house, continuing their operations.  And, after that they picked up their tools and went and had their lunch.  Now, by way of establishing the damage caused by the defendant company, I also experienced and saw damage in other houses relatively close to mine, and in one house in particular, the house belonging

to Frank Hubbard, which was within a hundred feet of my house. I was in it when a blast went off, and the land tiles in the basement shook and rattled against the foundation, and plastic tile popped off the bathroom wall as a result of this blast. I was in when a connection gave way between his furnace and his oil tank on the occasion of one of these blasts. I think I can testify to the fact that this last foundation, in Waterville, runs in an east-west direction, approximately, rather than a north-south direction, and the shock of these explosions followed the line of this slate under the foundations of the various homes and caused the damage."

The report of the referees was as follows: "The evidence established that the residence of the plaintiff in Waterville, Maine had been damaged by shocks and vibrations caused by the blasting operations of the defendant in the construction of a trench for the Waterville Sewerage District. The damage consisted of cracks in the foundation of the dwelling. Reasonable compensation for the damage would be $100.00. The dwelling is located on the same slate ledge foundation on which the blasting was done. This ledge formation runs east and west and the shock and vibrations followed the ledge. Plaintiff saw damage to other nearby dwellings caused by the same blasting operations, which began in January, 1952.

The plaintiff introduced no evidence as to the amount of explosive being used nor as to the method or manner of its use. He relies wholly on the 'res ipsa loquitur' doctrine to sustain the allegation of negligence. The plaintiff has established that the knowledge on the part of the defendant as to the cause of the damage was superior to his. As previously noted, direct evidence of negligence is absent. There is obviously a duty on the part of the defendant to use great care in blasting ledge in the residential area where the dwellings of the plaintiff and other people were located.

It is established that the injury to the property of the plaintiff was caused by the blasting of the defendant, that the plaintiff was wholly a stranger to that operation and that the plaintiff had neither control nor knowledge of the method or manner adopted by defendant.

In view of the decision in the case of Reynolds vs. Hinman Co. 145 Maine, 343, we hold it to be established in Maine that in a blasting case there is no absolute liability and negligence on the part of the defendant must be alleged and proved. In the case before us, it is alleged but not proved by any affirmative or direct evidence. On the facts before us we cannot find the defendant was negligent simply by the application of the *res ipsa loquitur* doctrine. In our opinion, for these reasons, judgment should be for the defendant."

The plaintiff filed in the Superior Court as objections to the acceptance of the report of the referees that (1) the referees erred as a matter of law in finding that there was no evidence of negligence on the part of the defendant in conducting blasting operations which damaged the said plaintiff's house, (2) the said referees erred as a matter of law in not finding the defendant had violated its duty of great care in the said blasting operation, (3) the said referees erred as a matter of law in that 145 Me. 343, *Hinman v. Reynolds* does not establish the law that there is no absolute liability in blasting cases in Maine, (4) the said referees erred as a matter of law in that they found no negligence on the part of the defendant in the conducting of the said blasting operation, (5) the said referees erred as a matter of law in that they did not find the rule of *res ipsa loquitur* did apply to the facts of the plaintiff's case as they appear in the record and as they were set forth in the said referees' report, (6) the said referees erred as a matter of law in that the referees did not apply the rule of *res ipsa loquitur* to the plaintiff's case, (7) the said referees erred as a matter of law in that 145 Me. 343 does not hold as a

matter of law that the plaintiff must prove specific acts of negligence on the part of the defendant and that as a matter of law, this is his only mode of proving the defendant guilty of negligence.

We find some ambiguity in the working of the referees' report. If the report went no further than to find the facts adversely to the plaintiff, we would feel constrained to approve the acceptance of the report as the referees were the sole judges of the weight and credibility of the evidence before them. But upon examination of the language of the whole report, we can only conclude that the referees found for the defendant, not upon the facts, but upon their understanding and interpretation of the law applicable in such cases. We think the report clearly discloses the application by the referees of two propositions of law: (1) That negligence in blasting cases must be proven by affirmative or direct evidence, and (2) that, regardless of the factual showing, the doctrine of *res ipsa loquitur* never has application in blasting cases. The issue here presented is, therefore, whether or not these propositions of law which appear exclusively to have governed the decision of the referees are sound. These legal principles were apparently drawn from the referees' interpretation of the case of *Reynolds et al.* v. *W. H. Hinman Co.*, 145 Me. 343, 75 A. (2nd) 802, 20 A. L. R. (2nd) 1360, cited by them in their report. If misinterpretation has resulted from any of the language used in dicta in that opinion, then we hasten to clarify the intended scope of the holding therein. The *Hinman* case came before the Law Court on demurrer. This court held that negligence on the part of a defendant in a blasting case must be alleged, and the negligence proved. There is no absolute liability from the mere fact that there was a blast of explosives and that as a result there was damage. The referees, however, are in error as a matter of law in holding that negligence must be proved by "affirmative or direct evidence."

Negligence may always be proved by any evidence that is relevant and material, although it may be circumstantial. It may not be necessary for a plaintiff to show, as the report erroneously asserts, "evidence as to the amount of explosive being used" or "the method or manner of its use." Evidence of the "amount" of explosive and how it was used is only within the knowledge of the defendant or the defendant's agent. If the defendant in a blasting case is not inclined to truthfully give this information, how can a plaintiff obtain it unless he watches continually or employs others to watch, while a blasting operation is in progress, and even then the prospective witness could not safely get near enough to certainly ascertain the facts. He might even be ejected as a trespasser.

The geological formations in the State of Maine have made it necessary through the generations for much blasting to be done in order to aid in economic progress. Blasting is necessary and proper in the construction of untold numbers of building structures and in the making of highways. It is nevertheless rare that damage is caused to adjoining property, if the blaster uses the reasonable care that the law requires that he should use. This is common knowledge to every school boy and to every adult citizen. Dishes may rattle on our shelves and our house may slightly shake if the blast is heavy and a short distance away, but substantial damage is very unusual.

There are no degrees of care. "Ordinary care" or "due care" is the legal rule, and the amount of care depends on the circumstances, and must be commensurate with the danger involved. *Simonton* v. *Loring,* 68 Me. 164; *Bacon* v. *Steamboat Co.,* 90 Me. 46; *Chickering* v. *Power Co.,* 118 Me. 414; *Edwards* v. *Power Co.,* 128 Me. 207 *(res ipsa loquitur);* *Reynolds* v. *Hinman Company,* 145 Me. 343, 75 Atl. (2nd) 802, 20 A. L. R. (2nd) 1360.

It is stated in *Reynolds et al.* v. *W. H. Hinman Company,* 145 Me. 343, 75 Atl. (2nd) 802, 20 A. L. R. (2nd) 1360, "Not only is great care in fact required of the blaster. In addition the plaintiff is much aided, as to the method of proving defendant's absence of care, by the application of the doctrine of *res ipsa loquitur.*

This rule, *res ipsa loquitur,* taken literally and without explanation, is liable to misapprehension. The doctrine does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the *mode of proving* it. The isolated fact that an accident has happened does not afford prima facie evidence that the accident was due to the negligence of the defendant. But if the accident, viewed in the light of the surrounding circumstances, is one which 'commonly does not happen except in consequence of negligence,' then if no explanation is offered, the jury may find that it was due to the negligence of the defendant."

The doctrine of *res ipsa loquitur* is not substantive law. It does not need to be alleged in the declaration. It is a rule of evidence which warrants, but does not compel an inference of negligence. The doctrine does not affect the burden of proof. It merely shifts the burden of evidence. The defendant, who knows or should know, must explain. The rule applies where the accident is unexplained and the instrument causing the injury was under the management and control of the defendant, and the unexplained accident is one which does not ordinarily occur if due care is used. *Reynolds* v. *Hinman Co.,* 145 Me. 343, 75 Atl. (2nd) 802, 20 A. L. R. (2nd) 1360 and note; *Stodder* v. *Coca Cola, Inc.,* 142 Me. 139; *Winslow v. Tibbetts,* 131 Me. 318. The rule does not apply where accident is in part the fault of the plaintiff, or if nothing is left to inference. *Moose-A-Bec Quarries Co.* v. *Tractor Co.,* 139 Me. 249; *Shea v. Hern,* 132 Me. 361.

The doctrine of *res ipsa loquitur* is proper to be considered by the trier of facts where the circumstances are, as here, most uncommon, unusual, unexpected and extraordinary, and the damage is such that it would not ordinarily have occurred if the user of the dangerous instrumentality had the required knowledge, and proper care had been exercised in its use.

The burden of evidence shifts to the defendant to explain his actions and his methods. The burden of proof remains with the plaintiff on the whole evidence to prove negligence, but if the defendant wishes to avoid the inference of negligence that is authorized by the doctrine of *res ipsa loquitur*, he should explain.

If it is considered that the circumstantial evidence presented by the plaintiff is not sufficient and that the damages are "unexplained," then under the doctrine of *res ipsa loquitur* the burden of explanation is upon the defendant. The defendant in a blasting case has the management and control. It alone may know the formation of ledge. It alone may know how much explosive was being used, and how and why it was used. Would it be due care for the defendant to use an atomic bomb if it thought it necessary in order to remove the ledge? Could it not have used black powder or some other method? If the contract, which the defendant signed, demanded that the ledge be excavated before a certain time or in a certain manner, the very act of the defendant in making the agreement might, if the contract was followed, show negligence.

While the doctrine of *res ipsa loquitur* is a rule of evidence, which warrants but does not compel a finding of negligence, the inference of negligence is authorized. *Chaisson* v. *Williams*, 130 Me. 341; *Quarries Co.* v. *Tractor Co.*, 139 Me. 249; *Reynolds* v. *Hinman Co.*, 145 Me. 343.

When the referees state without qualification in their report that they could not find the defendant was negligent by the application of the *res ipsa loquitur* doctrine, it was error. The referees were not compelled to find negligence but they could do so. The unusual damage that occurred, which would not have happened in the ordinary case where reasonable care is exercised, authorized a finding of negligence. If the plaintiff's evidence was not believed, or did not convince, or if the defendant had satisfactorily explained, the trier of facts is not obliged to infer negligence. He may do so. The error here lies in the apparent holding of the referees that where there was no direct evidence, they could not find the defendant negligent by application of *res ipsa loquitur*, which is the very essence of the doctrine. The burden of proof is on the plaintiff under all the evidence. The burden of explanation, however, is on the defendant, if the defendant fears that the inference of negligence may be accepted, when the defendant and only the defendant has the control and knowledge.

To hold, as does the report of the referees, that the plaintiff must prove directly those unusual things that only the defendant knows, is to put a premium on undisclosed negligence, and to make a mockery of the reasonable care customarily used by blasters for many generations in the State of Maine.

Attention is called to the fact that this court had before it, at the previous term, four cases of blasting in this same sewerage district. See *Maxwell Shaw et al.* v. *Robbins & White, Inc.*, recently decided and not yet reported, where rules of negligence in blasting are discussed, but negligence was proved directly, and there was no occasion to consider *res ipsa loquitur*.

It appears in this case and by the report of the referees that the damage was caused to the plaintiff's property by

the blasting by defendant. The plaintiff had no control or knowledge of the acts of the defendant. From common knowledge and understanding the damage was unusual and would not have occurred had due care been used by the defendant. The doctrine of *res ipsa loquitur* applies. The decision of the referees was erroneous as a matter of law. The report should not have been accepted by the Superior Court.

The entry will be

*Exceptions sustained.*

*Case remanded to Superior Court for further proceedings.*