## 2006 ME 47

## Rhonda MADDOCKS

### v.

## William WHITCOMB D/B/A Hermon Mountain Ski Area.

Supreme Judicial Court of Maine.

Submitted On Briefs: March 22, 2006.

Decided: May 2, 2006.

---

David J. Van Dyke, Esq., Hornblower Lynch Rabasco & Van Dyke, P.A., Lewiston, for plaintiff.

James A. Billings, Esq., Thompson & Bowie, LLP, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] Rhonda Maddocks appeals from a summary judgment entered by the Superior Court (Waldo County, *Mills, J.*) in favor of William Whitcomb. She contends that the court erroneously determined that (1) the ski area immunity provided by 32 M.R.S. § 15217 (2005) protects entities that operate snow tubing areas, and (2) Whitcomb's failure to instruct her about proper snow tubing procedures did not represent the negligent operation of a ski

area pursuant to 32 M.R.S § 15217(8)(A). We disagree and affirm the judgment.

## I. CASE HISTORY

[¶ 2] On February 9, 2003, Rhonda Maddocks and her family visited New Hermon Mountain, located in Hermon, to participate in snow tubing. New Hermon Mountain operates both a traditional downhill skiing mountain and a snow tubing area.[1] The snow tubing area at New Hermon Mountain is located on the same mountain as the ski area. The warnings required by 32 M.R.S. § 15217(3), alerting skiers that they assume the risk of injury resulting from any of the inherent dangers and risks of skiing, are displayed on signs at the mountain and on the tubing and ski passes.

[¶ 3] While sliding down the tubing chute, Maddocks went over a bump or hillock made of snow in the chute, became airborne on her tube, and was injured upon landing. Maddocks filed suit claiming that Whitcomb was negligent in the operation of the snow tubing area. Whitcomb filed a motion for summary judgment arguing that the action was barred by Maine's ski area liability statute, 32 M.R.S. § 15217. Maddocks opposed Whitcomb's motion for summary judgment and cross-motioned for partial summary judgment. The court granted Whitcomb's motion for summary judgment and denied Maddocks's motion. Maddocks then brought this appeal.

1. New Hermon Mountain, Inc., a Maine corporation owned in part by its President, William Whitcomb, is lessee of the ski mountain. During the summary judgment briefing Maddocks conceded that the proper party defendant was the corporate entity and not Whitcomb personally. The parties agreed that if the case was remanded for further proceedings, Whitcomb would be dismissed as a party and the corporation would be substituted as the party defendant.

## II. LEGAL ANALYSIS

[¶ 4] There are no material facts in dispute.[2] Therefore, we review the grant of the motion for summary judgment de novo. *State Farm Mut. Auto. Ins. Co. v. Montagna*, 2005 ME 68, ¶ 7, 874 A.2d 406, 408. We also review the interpretation of a statute de novo. *Francis v. Dana–Cummings*, 2005 ME 36, ¶ 3, 868 A.2d 196, 198. When interpreting a statute, we accord the words of a statute their plain ordinary meaning. *In re Melanie S.*, 1998 ME 132, ¶ 4, 712 A.2d 1036, 1037. If that meaning is clear, we will not look beyond the words of the statute, unless the result is illogical or absurd. *Id.*

[¶ 5] Maine's ski area liability statute, 32 M.R.S. § 15217, bars a person who sustains injury as a result of an inherent risk of skiing from maintaining an action against or recovering from a ski area operator. A person who participates in skiing accepts, as a matter of law, the risks inherent in the sport. 32 M.R.S. § 15217(2). The statute does allow an action against a ski area operator for the negligent operation or maintenance of the ski area. 32 M.R.S. § 15217(8).

[¶ 6] Skiing is defined by the statute as "the use of a ski area for snowboarding or downhill, telemark or cross-country skiing; for sliding downhill on snow or ice on skis or a toboggan, sled, tube, snowboard or any other device; or for similar uses of the ski slopes and trails." 32 M.R.S. § 15217(1)(B). "Ski area" is defined in 32

2. Although Maddocks and Whitcomb dispute the location of the hillock, this is not a dispute as to an issue of material fact so as to bar summary judgment, as the inherent risk of collision with the hillock is not a function of its location. *See Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d 871, 877.

M.R.S. § 15202(15) (2005) as "the ski slopes and trails and passenger tramways administered or operated as a single enterprise within this State."

[¶ 7] New Hermon Mountain operates both a traditional downhill skiing mountain and a snow tubing area along with lifts on the same mountain. The snow tubing area and the traditional downhill trails are administered and operated as a single enterprise. The snow tubing chute on which Maddocks sustained her injury is located on a ski slope. Accordingly, the tubing area at New Hermon Mountain qualifies as a "ski area" pursuant to section 15202(15).

[¶ 8] Section 15217(2), provides that each person who participates in the sport of skiing accepts, as a matter of law, the risk inherent in the sport and may not recover from the ski area operator for injuries resulting from the inherent risks of skiing. As the definition of skiing for purposes of section 15217 unambiguously includes the use of a ski area for sliding downhill on a tube, 32 M.R.S. § 15217(1)(B), the inherent risks of skiing include the inherent risks of snow tubing.

[¶ 9] Included within the inherent risks of skiing that bar recovery are collisions with or falls resulting from natural and manmade objects such as the hillock. 32 M.R.S. § 15217(1)(A). Maddocks's injury resulted from such a collision; therefore, she is barred from recovery pursuant to section 15217(2).

[¶ 10] Maddocks also claims that Whitcomb's failure to instruct her regarding appropriate snow tubing procedures represents the negligent operation of a ski area pursuant to 32 M.R.S § 15217(8)(A). To survive summary judgment on an action alleging negligence, Maddocks must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages. *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951,

954. Neither section 15217 nor the common law imposes any duty on ski area operators to instruct skiers or snow tubers on safety measures. The only affirmative duty placed on ski area operators is the posting of the warning pursuant to section 15217(3), a duty with which Whitcomb complied. As there was no duty to instruct, no negligence is demonstrated. Maddocks may not proceed with her suit under section 15217(8)(A).

The entry is:

Judgment affirmed.