2007 ME 1

Linnea J. MARAVELL

v.

R.J. GRONDIN & SONS et al.

Supreme Judicial Court of Maine.

Argued: Feb. 14, 2006.
Decided: Jan. 2, 2007.

Eric Cote, Esq. (orally), Saco, for plaintiff.

Anne H. Jordan, Esq. (orally), Norman, Hanson & DeTroy, LLC, (for R.J. Grondin & Sons), William C. Nugent, Esq. (orally), Portland, And Christopher Flanagan, Esq., Wilson Elser Moskowitz, Edelman & Dick-

er, LLP, Boston, MA, (for W/S Biddeford Properties, LLC), for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Linnea J. Maravell appeals from a summary judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of R.J. Grondin & Sons and W/S Biddeford Properties, LLC. She contends that the court erred in concluding either that the property owner and general contractor owed her no duties independent of the blasting subcontractor or that she failed to produce an expert capable of establishing those duties. We agree and vacate the judgment.

## I. BACKGROUND

[¶ 2] W/S Biddeford owned property upon which a shopping mall was being developed. Grondin was the general contractor for the project and McGoldrick Brothers Blasting Services, Inc. was the blasting subcontractor. McGoldrick engaged in blasting on W/S Biddeford's property from September 1996 through December 1996. Maravell, whose office was located on an adjacent lot, was between 85 and 250 feet from all of the blasts and allegedly sustained hearing damage as a result.

[¶ 3] In 2001, Maravell commenced an action against McGoldrick, which was sub-

sequently settled.[1] In December 2002, Maravell commenced this action against Grondin and W/S Biddeford alleging, among other things, that both had negligently failed to exercise reasonable care in "implementing, contracting for, and overseeing" the blasting, such that she had "suffered injuries and damages including ringing in her ears and an oversensitivity to sound" and "[would] suffer and incur additional damages in the future, including loss of enjoyment of life." Grondin and W/S Biddeford moved for a summary judgment, in part, on the basis that expert testimony was required to establish the standard of care and Maravell had not designated an expert capable of providing the requisite testimony.

[¶ 4] Paragraph 1 of Maravell's statement of additional material facts stated:

¶ 1. Defendants knew that plaintiff worked all day within 85 to 250 feet of all blasts. (Exhibit 1—plaintiff's affidavit).[2]

Exhibit 1, Maravell's affidavit, states:

1. I worked all day in an office within 85 to 250 feet of the blasting that took place on the adjacent lot, on the site the Shaw's Supermarket was built. Defendants knew that I worked in the office all day as I told this to the engineer who visited my office as part of the preblast survey. Also, I frequently complained to the R.J. Grondin on site supervisor. Lastly, my office is clearly visible from some distance away.[3]

1. Maravell alleged in her amended complaint that McGoldrick's blasting was negligent (Count I) and a private nuisance (Count II) and had caused her injuries and damages.

2. Although denying its relevance, Grondin admitted to the accuracy of this statement.

3. In her notice of appeal, Maravell challenged the court's striking of her statement of additional material facts and the supporting exhibits. "We review a court's judgment on a motion to strike for an unsustainable exercise of discretion." *DiVeto v. Kjellgren*, 2004 ME 133, ¶ 11 n. 7, 861 A.2d 618, 622. Because none of the court's stated reasons for granting the motion support the striking of statement 1 and Exhibit 1, the order granting the motion appears to be an unsustainable exercise of discretion. Furthermore, in Grondin's re-

[¶ 5] The court granted the motions, stating: "[i]t is not clear that the property owner and general contractor necessarily have duties that are separate from an independent blasting sub-contractor. Regardless[, Maravell] has failed to timely produce an expert who would establish the duties of the general contractor and property owner. More than common knowledge is required." Maravell unsuccessfully moved for reconsideration and then brought this appeal.

## II. DISCUSSION

[¶ 6] In reviewing the grant of a summary judgment, we "view the evidence in the light most favorable to the party against whom the judgment has been granted, and review the trial court's decision for errors of law." *Abbott v. LaCourse*, 2005 ME 103, ¶ 8, 882 A.2d 253, 255 (quotation marks omitted). "We independently determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law." *Id.* (quotation marks omitted).

[¶ 7] "To survive summary judgment on an action alleging negligence, [the plaintiff] must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages." *Maddocks v. Whitcomb*, 2006 ME 47, ¶ 10, 896 A.2d 265, 268. Regarding duty, we have stated:

The existence of a duty is a question of law. Duty involves the question of whether the defendant is under any obligation for the benefit of the particular plaintiff. When a court imposes a duty in a negligence case, the duty is always

the same—to conform to the legal standard of reasonable conduct in the light of the apparent risk.

*Searles v. Trs. of St. Joseph's Coll.*, 1997 ME 128, ¶ 5, 695 A.2d 1206, 1209 (quotation marks omitted).

### A. Duty of Grondin

[¶ 8] A general contractor is liable to third parties who are damaged by the conduct of a subcontractor if the general contractor knows that the activities of the subcontractor involve an unreasonable risk of physical harm to those third parties and the general contractor fails to exercise reasonable care to protect the third parties from that harm.

[¶ 9] RESTATEMENT (SECOND) OF TORTS § 413 (1965) provides:

One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer ... fails to exercise reasonable care to provide ... for the taking of ... precautions.

[¶ 10] From its response to paragraph 1 of Maravell's statement of additional material facts quoted above, it is undisputed that Grondin knew that Maravell's office was sufficiently close to the blast site to pose a substantial risk of physical harm to Maravell if reasonable precautions were not taken.

[¶ 11] In determining the nature of the appropriate standard of care or practice, expert testimony may be necessary "where the matter in issue is within the

---

sponse to statement 1, it admitted that it knew Maravell worked within 85 to 250 feet of all blasts. Therefore, even if the motion to strike

statement 1 is allowed to stand, the fact had been conceded.

knowledge of experts only, and not within the common knowledge of lay[persons]." *Cyr v. Giesen,* 150 Me. 248, 252, 108 A.2d 316, 318 (1954) (quotation marks omitted); *see Searles,* 1997 ME 128, ¶ 10, 695 A.2d at 1210 (deeming expert testimony necessary to establish the duty applicable to licensed medical professionals, professional engineers, and attorneys). "[E]xpert testimony may not be necessary[, however,] 'where the negligence and harmful results are sufficiently obvious as to lie within common knowledge....'" *Id.* (quoting *Cyr,* 150 Me. at 252, 108 A.2d at 318).

[¶ 12] While the standard of care of a blasting contractor may lie within common knowledge, *see Albison v. Robbins & White, Inc.,* 151 Me. 114, 125, 116 A.2d 608, 613 (1955) (holding that, where a blaster knew that its blasts were damaging nearby homes, its failure to apply common knowledge and employ "a slower method with more moderate charges" was negligence) and *Cratty v. Aceto & Co.,* 151 Me. 126, 130–32, 135, 116 A.2d 623, 626–28 (1955) (holding that, where common knowledge indicated that the damage to plaintiff's home "was unusual and would not have occurred had due care been used," *res ipsa loquitur* allowed an inference of negligence against a blaster engaged in nearby operations), the standard of care of a general contractor does not. Indeed, a layperson could not say precisely what provisions a general contractor is required to make for the taking of precautions. Expert testimony is, therefore, necessary to establish the duty of a general contractor.

[¶ 13] Maravell designated Jim Ludwiczak, the president of Blasting and Mining Consultants, Inc., as her expert witness with respect to blasting. She supported the designation with a report that Ludwiczak had prepared for her earlier litigation against McGoldrick. The report details McGoldrick's duty to control the adverse effects of blasting—i.e., flyrock, ground vibration, airblast, and noise. It notes that McGoldrick should have better controlled these effects by, among other things, decreasing the hole depth and diameter; reducing the number of holes per blast and pounds per delay; providing ear protection; and constructing artificial noise barriers. Although the report does not reference Grondin's duties, a fact-finder could reasonably infer that Grondin was required to exercise reasonable care to ensure that McGoldrick took the above-mentioned precautions.

[¶ 14] Ludwiczak's report, which is referenced throughout the parties' statements, details McGoldrick's failure to control the adverse effects of the blasting and concludes: "the blasting operation and program (monitoring) was not conducted within ... acceptable industry standards." If proven, this conclusion would support a finding that McGoldrick breached its duties. Such a finding would allow an inference that Grondin breached its duty to exercise reasonable care to ensure that McGoldrick took the necessary precautions. Ludwiczak's report further concludes: "the noise and air pressure levels were sufficient to cause damages to [Maravell's] hearing." Maravell similarly states that she "believes that her hearing was damaged as a result of the blasting." If proven, these statements would support a finding that Grondin's breach caused Maravell's damages.

[¶ 15] We conclude that the statements and accompanying documentation (specifically, Ludwiczak's report) are sufficient to set forth a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages. The court, therefore, erred in granting Grondin's motion for a summary judgment.

## B. Duty of W/S Biddeford

[8, 9] [¶ 16] A landowner is subject to liability for nuisance or injury created by the activity of a third party on the land if the owner knows, or has reason to know, that the activity is causing, or will cause, an unreasonable risk of injury or nuisance and the landowner consents to the activity or fails to exercise reasonable care to prevent the injury or nuisance. *See Eaton v. Cormier*, 2000 ME 65, ¶ 7, 748 A.2d 1006, 1008; *Town of Stonington v. Galilean Gospel Temple*, 1999 ME 2, ¶ 21, 722 A.2d 1269, 1273; *see also* RESTATEMENT (SECOND) OF TORTS § 414 A (1965) which provides:

> A possessor of land who has employed or permitted an independent contractor to do work on the land, and knows or has reason to know that the activities of the contractor ... involve an unreasonable risk of physical harm to those outside of the land, is subject to liability to them for such harm if he fails to exercise reasonable care to protect them against it.

[¶ 17] Here blasting, an inherently dangerous activity, was being conducted within eighty-five feet of Maravell's office, apparently with no sight, sound, or blast barrier in between. Because W/S Biddeford's knowledge of that risk may be im-puted, the only issue in dispute is whether the risk was unreasonable. The record, as it presently stands, does not permit the court to conclude, as a matter of law, that there is no dispute as to material fact that the risks of injury from blasting eighty-five feet from Maravell's office were not unreasonable. As there remain disputes as to this material fact regarding W/S Biddeford's liability, the summary judgment in their favor must be vacated.[4]

The entry is:

Judgment vacated.

---

4. Because the nature of the duty varies based on the role of the defendant, the evidence necessary to demonstrate a breach of the standard of care will necessarily vary as well. *See Graves v. S.E. Downey Registered Land Surveyor, P.A.*, 2005 ME 116, ¶¶ 9–11, 885 A.2d 779, 781–82. A *landowner* who has hired a contractor to perform work that the landowner knows involves an unreasonable risk of physical harm to those outside the land has a duty to exercise reasonable care to protect those people from the harm. RESTATEMENT (SECOND) OF TORTS § 414 A (1965); *see Eaton v. Cormier*, 2000 ME 65, ¶ 7, 748 A.2d 1006, 1008; *Town of Stonington v. Galilean Gospel Temple*, 1999 ME 2, ¶ 21, 722 A.2d 1269, 1273. If a *general contractor* has employed a subcontractor to do work that the employer knows, or should recognize, is likely to create an unreasonable risk of physical harm to others absent special precautions, the general contractor has a duty to exercise reasonable care to provide for the taking of those precautions. *See* RESTATEMENT (SECOND) OF TORTS § 413 (1965). If a *contractor* or *subcontractor* is retained to render specialized services, that actor has a duty to "exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities." *See* RESTATEMENT (SECOND) OF TORTS § 299 A (1965); *Graves*, 2005 ME 116, ¶¶ 10–11, 885 A.2d at 782.