STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, ss                                CIVIL ACTION
                                              DOCKET NO. CV-09-380
                                              REC-CUM- 2/11/2010

COLLEEN and CHRIS OLSEN,
      Plaintiffs
                                              ORDER ON THE KW
                                              DEFENDANTS'
v.                                            MOTION TO DISMISS


KAILE WARREN, KW ENTERPRISES,
INC., RENT-A-HUSBAND, LLC.,
(THE KW DEFENDANTS)

SHAWN P. LYDEN, and

COASTAL REALTY, LLC.,
      Defendants


## BEFORE THE COURT

Before the court is a Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6)

filed by Defendants Kaile Warren, KW Enterprises, Inc., and Rent-A-Husband,

LLC, collectively known as the "KW Defendants."

## BACKGROUND

This suit pertains to financing arrangements the Plaintiffs, husband and

wife Chris and Colleen Olsen (the Olsens), entered into with the KW Defendants

and Defendants Shawn Lyden and Coastal Realty Capital, LLC. Defendant

Warren resides in Windham, Maine. Warren is the CEO of Rent-A-Husband,

LLC, and is also an officer and shareholder of KW Enterprises, Inc. Rent-A-

Husband, LLC is a Delaware Corporation. Lyden is a member of Coastal Realty

Capital, a Maine limited liability company.

The Olsens live in Windham, Maine. Warren became acquainted with the

Olsens while serving on the Windham Town Council. Warren approached the

1

Olsens about investing in his company Rent-A-Husband. On March 28, 2008, the Olsens agreed to tender two parcels of land (one of which included their personal residence) and another $5,000 in cash to Rent-A-Husband in exchange for a "Non-Negotiable, Convertible Promissory Note," which promised to pay the Olsens $199,650 with interest of 10% per year by March 28, 2010. The Olsens never deeded their property to Rent-A-Husband and it appears that this deal was not executed. However, Warren signed the Convertible Note as the CEO of Rent-A-Husband. The Olsens claim that Warren represented that the Convertible Note gave them an interest in Rent-A-Husband. The Olsens later tendered two short-term loans to Warren, one for $5,000 and one for $10,000. The Olsens claim that these loans have not been paid back.

A year later, on or around March 4, 2009, the Olsens allowed Warren to use their properties as collateral for a $45,000 loan he needed for Rent-A-Husband. The Olsens claim Warren engaged Shawn Lyden of Coastal Realty Capital, LLC to help put the deal together. On March 4, 2009, the Olsens' properties were mortgaged to Coastal Realty Capital to secure the loan for $45,000 (the Coastal Loan) to KW Enterprises. The Olsens claim that Warren represented that they were obligated by the Convertible Note to pledge their house. The Convertible Note was signed by Rent-A-Husband in 2008, and was not signed by KW Enterprises. Accordingly, the Olsens claim that no document exists showing that, prior to the Coastal Loan, the Olsens owed any duties to either KW Enterprises, Inc. or Warren, because neither Warren nor KW Enterprises was a party to the Convertible Note. The Olsens claim that Rent-A-Husband's authority to do business in Maine was revoked on or before September 5, 2008. The Olsens allege that Warren never advised them that

2

almost all of the Rent-A-Husband subsidiaries in Maine had either been dissolved or had their authority to do business in Maine revoked by the Maine Secretary of State.

The Olsens claim that during all discussions about transferring their properties or encumbering them, they made it clear to Warren that they did not want their residence at risk in any way. The Olsens claim that both Warren and Lyden reassured them that their residence would not be at any risk of foreclosure. According to the Olsens, on March 4th, 2009, Lyden advised them of their rights as they pertained to pledging their real estate. The Olsens claim they have not received any consideration in exchange for mortgaging their property to secure the Coastal Loan.

According to the Olsens, as a result of the Coastal Loan transaction, KW Enterprises and/or Warren received a check for $45,000 from Coastal, the Olsens' properties were encumbered to Coastal, and the Olsens received no consideration and no documentation. The Olsens do not know if Warren or KW Enterprises are in default on a note secured by the Coastal mortgage, and they do not know if their properties will be foreclosed upon by Coastal.

The Olsens filed suit on June 25, 2009 alleging the following claims: (1) Count I alleges that Defendants Warren, KW Enterprises, Lyden, and Coastal Realty Capital violated the Unfair Trade Practices Act by making misrepresentations about the status of Rent-A-Husband and the Convertible Promissory Note in order to secure the Coastal Loan; (2) Count II claims that Defendants Warren, KW Enterprises, Lyden, and Coastal Realty Capital made false representations of material facts, which the Olsens relied on, in order to induce them to make the short term loans and to allow a mortgage to be placed

3

on their home; (3) Count III claims that Lyden and Coastal Realty Capital breached their fiduciary duty to the Olsens; (4) Count IV is a negligence claim, which alleges that the Defendants breached their duty of good faith and fair dealing, and as a result the Olsens suffered economic and non-economic harm; and (5) Count V alleges Defendants Warren, KW Enterprises, Lyden, and Coastal committed conversion by convincing the Olsens to mortgage their house to Coastal. Counts VI, VII, and VIII allege Lyden and Coastal Realty Capital violated the Federal Truth in Lending Act, the Maine Truth in Lending Act, and the Maine Consumer Credit Code.

The KW Defendants filed a Motion to Dismiss on August 20, 2009. Specifically, they challenge Counts I, II, IV, and V. The court addresses the Motion to Dismiss below.

## DISCUSSION

### I. Standard of Review

A Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) "tests the legal sufficiency of the complaint and, on such a challenge, 'the material allegations of the complaint must be taken as admitted.'" *Shaw v. Southern Aroostook Comm. Sch. Dist.*, 683 A.2d 502, 503 (Me. 1996) (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me.1994)). When reviewing a Motion to Dismiss, this Court examines "the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal under M.R. Civ. P. 12(b)(6) will be granted only "when it appears beyond a doubt that the plaintiff is entitled to no relief under any set of facts that he might prove in support of his

4

claim." *Id.* (quoting *Hall v. Bd. of Envtl. Prot.*, 498 A.2d 260, 266 (Me. 1985)). This is a question of law. *Bean v. Cummings*, 2008 ME 18, ¶ 7, 939 A.2d 676, 679.

## II. Unfair Trade Practices Act Claim

The KW Defendants claim that the Olsens have failed to allege the factual elements needed to assert a private claim under the Maine Unfair Trade Practices Act. 5 M.R.S. § 205-A *et seq.* The Act provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." *Id.* at § 207. Section 213 states the circumstances in which a private action is available under the Act are as follows:

> Any person who purchases or leases goods, services or property, real or personal, primarily for personal, family or household purposes and thereby suffers any loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 207 or by any rule or regulation issued under section 207, subsection 2 may bring an action either in the Superior Court or District Court for actual damages, restitution and for such other equitable relief, including an injunction, as the court determines to be necessary and proper. There is a right to trial by jury in any action brought in Superior Court under this section.

5 M.R.S. § 213(1). The Olsens allege that their claim qualifies under the Act because (1) the defendants guided them in pledging their property and home in Windham and (2) they have suffered a loss of money or property as a result of the Defendants' unfair and deceptive trade practices.

These allegations are not sufficient to maintain a claim under the Act. The Olsens have failed to demonstrate that they purchased or leased goods, services or property for personal, family or household purposes. While the Olsens may have used their Windham property in the transaction, it appears to have been used for a business deal or for investment purposes. For this reason, the Olsens' claim under the Unfair Trade Practices Act must be dismissed.

5

## III. The Fraud Claim

In order to make a claim for fraud, a plaintiff must assert that a defendant (1) made a false representation (2) of material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act in reliance upon the false representation, and (5) the plaintiff justifiably relied upon the representation as true and acted upon it to his damage. Simmons, Zillman & Gregory, *Maine Tort Law* § 11.03 at 308–09 (1999 ed.), citing *Letellier v. Small*, 400 A.2d 371, 376 (Me. 1979). The Olsens allege that the KW Defendants "made false representations of material facts in order to convince them to (1) make short term loans [totaling $15,000]. . . and (2) allow a mortgage to be placed on their home."

First, the KW Defendants claim that there cannot be fraud with regard to the loan because there has been no violation of the loan terms. The Olsens complaint regarding the loans is concerned with Warren's representations about his business Rent-A-Husband, when almost all of the Rent-A-Husband subsidiaries/affiliates in Maine had been either administratively dissolved or had their authority to do business in Maine revoked by the Maine Secretary of State. The Olsens claim they relied on Warren's false representations about his business and those representations induced them make the loans. Thus, the allegations in the Complaint are sufficient to survive the Motion to Dismiss.

Second, the KW Defendants claim that Exhibit B (attached to the Complaint) refutes the Olsens' claim of fraud regarding the mortgage on the property. Exhibit B appears to be part of the financing agreement between the Olsens, KW Enterprises, and Coastal Realty. In that document the Olsens acknowledge: "We further understand that we have been advised by Shawn

Lyden of our rights as it pertains to pledging the real estate at 360 Gray Rd. Windham, ME . . . ."

At the time the financing agreement was made, the Olsens claim they were told by Warren, KW Enterprises, Lyden, and Coastal that the mortgage would not place their home at risk of foreclosure, and that they were obligated by the Convertible Note to grant the mortgage on their property. The Olsens also claim they have not been provided closing documents for the transaction or copies of the promissory note made to Coastal Realty, and they claim they have received no consideration in return for encumbering their property. These allegations are sufficient to survive the KW Defendants' Motion to Dismiss.

## IV. The Negligence Claim

A plaintiff asserting negligence must show that a duty existed between the plaintiff and the defendant, a breach of that duty, and damages caused as a result of that breach. *Maravell v. R.J. Groundin & Sons*, 2007 ME 1, ¶ 7, 914 A.2d 709, 712. The existence of a duty is a question of law. *Camden Nat. Bank v. Crest Const., Inc.*, 2008 ME 113, ¶ 10, 952 A.2d 213, 216. The Olsens claim that the KW Defendants breached their duty of fair dealing and good faith. The KW Defendants contend that the negligence claim must be dismissed because there is "no general cause of action for breach of the duty of good faith." The only circumstances in which Maine law recognizes a general duty of good faith and fair dealing is in transactions governed by the Uniform Commercial Code. *Camden Nat. Bank*, at ¶ 18, 952 A.2d at 218 *citing* 11 M.R.S. § 109(4)(k). The U.C.C. does not apply to the creation of or transfer of an interest in real property. 11 M.R.S. § 109(4)(k). Because the Olsens failed to demonstrate that the KW Defendants owed them a duty, the court dismisses their negligence claim.

## V. The Conversion Claim

For a claim of conversion, a plaintiff must show "(1) a property interest in the goods; (2) the right to their possession at the time of the alleged conversion; and (3) when the holder has acquired possession rightfully, a demand by the person entitled to possession and a refusal by the holder to surrender." *Doughty v. Sullivan*, 661 A.2d 1112, 1122 (Me. 1995). The KW Defendants argue that the conversion claim should be dismissed. The court agrees. The second element of a conversion claim requires a right to possession at the time of the alleged conversion. The Olsens voluntarily entered into a mortgage agreement with Coastal Realty and the KW Defendants in exchange for an interest bearing promissory note. In doing so, the Olsens conditionally gave away their right to possession. Such a transaction is not a converstion. Therefore, the conversion claim is dismissed.

Therefore, the entry is:

> The KW Defendants' Motion to Dismiss Counts II of the Olsens' Complaint is DENIED.

> The KW Defendants' Motion to Dismiss Counts I, IV and V of the Olsens' Complaint is GRANTED.

Dated at Portland, Maine this _____ day of _____, 2009.

Robert E. Crowley
Justice, Superior Court

COLLEEN OLSEN  - PLAINTIFF

Attorney for: COLLEEN OLSEN
MICHAEL WAXMAN  - RETAINED 06/25/2009
LAW OFFICE MICHAEL J. WAXMAN
30 CITY CENTER
PO BOX 375
PORTLAND ME 04112-0375


CHRIS OLSEN  - PLAINTIFF

Attorney for: CHRIS OLSEN
MICHAEL WAXMAN  - RETAINED 06/25/2009
LAW OFFICE MICHAEL J. WAXMAN
30 CITY CENTER
PO BOX 375
PORTLAND ME 04112-0375


vs
KAILE WARREN  - DEFENDANT
'
Attorney for: KAILE WARREN
GEORGE MARCUS  - RETAINED 08/20/2009
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

Attorney for: KAILE WARREN
DAVID C JOHNSON  - RETAINED 08/20/2009
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

KW ENTERPRISES INC - DEFENDANT
'
Attorney for: KW ENTERPRISES INC
GEORGE MARCUS  - RETAINED 08/20/2009
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

Attorney for: KW ENTERPRISES INC
DAVID C JOHNSON  - RETAINED 08/20/2009
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

RENT A HUSBAND LLC - DEFENDANT
'
Attorney for: RENT A HUSBAND LLC
GEORGE MARCUS  - RETAINED 08/20/2009
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

**DOCKET RECORD**

Attorney for: RENT A HUSBAND LLC
DAVID C JOHNSON  - RETAINED 08/20/2009
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035


SHAWN P LYDEN  - DEFENDANT
,
Attorney for: SHAWN P LYDEN
PETER CARY  - RETAINED 07/31/2009
MITTEL ASEN LLC
85 EXHANGE ST, FLOOR 4
PO BOX 427
PORTLAND ME 04112-0427


COASTAL REALTY LLC - DEFENDANT
,
Attorney for: COASTAL REALTY LLC
PETER CARY  - RETAINED 07/31/2009
MITTEL ASEN LLC
85 EXHANGE ST, FLOOR 4
PO BOX 427
PORTLAND ME 04112-0427


Filing Document: COMPLAINT              Minor Case Type: OTHER NON-PERSONAL INJURY TORT
Filing Date: 06/25/2009

## Docket Events:

06/25/2009 FILING DOCUMENT - COMPLAINT FILED ON 06/25/2009
           WITH EXHIBITS A-C.  (MH)


06/25/2009 Party(s):  COLLEEN OLSEN
           ATTORNEY - RETAINED ENTERED ON 06/25/2009
           Plaintiff's Attorney: MICHAEL WAXMAN


06/25/2009 Party(s):  CHRIS OLSEN
           ATTORNEY - RETAINED ENTERED ON 06/25/2009
           Plaintiff's Attorney: MICHAEL WAXMAN


06/25/2009 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 06/25/2009


08/03/2009 Party(s):  SHAWN P LYDEN,COASTAL REALTY LLC
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 07/31/2009
           OF SHAWN P. LYDEN AND COASTAL REALTY CAPITAL LLC (GM)


08/03/2009 Party(s):  SHAWN P LYDEN
           ATTORNEY - RETAINED ENTERED ON 07/31/2009
           Defendant's Attorney: PETER CARY


           Party(s):  COASTAL REALTY LLC
           ATTORNEY - RETAINED ENTERED ON 07/31/2009
           Defendant's Attorney: PETER CARY