STATE OF MAINE  
CUMBERLAND, ss

SUPERIOR COURT  
CIVIL ACTION  
Docket No. CV-11-408  
/VM ~ CUM ~ ⸻

ERIC SIRLES,

      Plaintiff

      v.

CPM CONSTRUCTORS,  
et al.,

      Defendants

ORDER ON MOTION FOR  
SUMMARY JUDGMENT

STATE OF MAINE  
Cumberland, ss, Clerk's Office

AUG 1 ⸻ 2012

RECEIVED

Before the court is defendant CPM Constructors' (CPM) motion for summary judgment. Defendant Pike Industries, Inc. (Pike) also filed a motion for summary judgment pursuant to Rule 10(c) by adopting by reference CPM's motion for summary judgment, memorandum of law, and statement of material facts. (Pike Mot. Summ. J. 1.) Defendant Pike filed a separate opposition to the plaintiff's statement of material facts and adopted by reference defendant CPM's reply to the plaintiff's objection to the motion.[1] (Pike Reply 1.) For the following reasons, the motions of CPM and Pike are granted.

---

[1] Defendant Pike included the following supported paragraph:

Pike would add only that the road construction itself required the involvement of experts – not only those employed by CPM and by Pike to perform the bridge and road construction, but also those employed by the Maine Department of Transportation (Resident Engineers Kim Ouellette and Kayla White) to oversee that work. Thus, the Plaintiff needs expert witnesses to establish the applicable standard of care and to prove the Defendants' violation of that standard. In this case, of course, both Ms. Ouellette and Ms. White stated at deposition that Defendants CPM and Pike performed their work in accordance with the DOT contract, thus meeting the applicable standard of care. Plaintiff has produced no evidence – expert or otherwise – to the contrary.

(Pike Reply 1.)

1

BACKGROUND

Plaintiff Sirles was involved in a motorcycle accident on June 11, 2010. (S.M.F. ¶ 1.) The accident occurred on Route 236 in South Berwick, near the site of the Maine Department of Transportation's (DOT) Great Works River Bridge Replacement Project (the Project). (Id.) The accident occurred when the plaintiff rode his motorcycle over a "substantial depressed cut" in the pavement, and he and his motorcycle fell over. (Id. ¶ 2.)

Defendant CPM was the general contractor for the Project. (Id. ¶ 3.) Defendant CPM subcontracted defendant Pike to provide asphalt paving for the Project. (Id. ¶ 4.) The Project work was governed by the DOT Contract and the DOT Standard Specifications and Details of December 2002.[2] (Id. ¶ 5.) A DOT representative inspected all work associated with the Project, including signage and paving. (Id. ¶ 6.) The DOT inspections found no safety hazards created by defendants CPM or Pike on this job. (Id. ¶ 7.)

The plaintiff filed an amended complaint and alleges that defendants CPM and Pike failed to maintain the roadway in a safe condition and created a hazard to the motoring public, failed to post adequate signs or post flaggers to warn motorists of the dangerous conditions, and failed to comply with DOT requirements for safe construction of the Project. (Id. ¶ 9; Add'l S.M.F. ¶ 1.) The plaintiff has not designated any liability expert to support his claims, and, based on the scheduling order, the deadline for designating experts has passed. (S.M.F. ¶¶ 10-11.)

DISCUSSION

---

[2] The plaintiff attempts to qualify this fact but does not reference any record citation. (Pl.'s Reply S.M.F. ¶ 5.); M.R. Civ. P. 56(h)(2).)

2

## 1. Standard of Review

Summary judgment should be granted if there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c). The court will consider "only the portions of the record referred to, and the material facts set forth in the [M.R. Civ. P. 56(h)] statements." F.R. Carroll, Inc. v. TD Bank, N.A., 2010 ME 115, ¶ 8, 8 A.3d 646 (internal quotation marks omitted). "Summary judgment is appropriate when review of the parties' statements of material facts and the referenced record evidence, considered in the light most favorable to the non-moving party, indicates that no genuine issue of material fact is in dispute." Blue Star Corp. v. CKF Props., LLC, 2009 ME 101, ¶ 23, 980 A.2d 1270.

## 2. Discussion

In support of the motion for summary judgment, the defendants argue the plaintiff is unable to prove negligence because he has not designated an expert on the issues of duty or breach. (Mot. Summ. J. 3); see Maddocks v. Whitcomb, 2006 ME 47, ¶ 10, 896 A.2d 265 (requiring the plaintiff to establish a prima facie case for duty, breach, causation, and damages to survive summary judgment). The deadline for plaintiff's designation of expert was in January, and discovery closed in May. The plaintiff has not named a liability expert for trial. (Mot. Summ. J. 2; S.M.F. ¶ 11.) The plaintiff maintains that an expert is not required to prove negligence in this case.[3] (Opp. Mot. Summ. J. 1.)

Generally, expert testimony is required when the plaintiff must show "that the practice followed by the defendant was something other than that which the average

---

[3] To the extent that the plaintiff relies in his statement of additional facts on testimony of witnesses who may qualify as experts, he has not named them as expert witnesses. (S.M.F. ¶¶ 7, 10; Pl.'s Reply S.M.F. ¶¶ 7, 10.) The plaintiff also relies on opinion testimony from witnesses who do not appear qualified to render the opinions. (Pl.'s Add'l S.M.F. ¶ 9.); M.R. Civ. P. 56(e).

3

and reasonably skilled professional would have followed." Leavitt v. Waltman & Co., Inc., 2003 Me. Super. LEXIS 261, at *5 (Dec. 12, 2003) (citing Jim Mitchell & Jed Davis, P.A. v. Jackson, 627 A.2d 1014, 1017 (Me. 1993)). Expert testimony is not required, however, in situations "where the breach or lack thereof is so obvious that it may be determined by the Court as a matter of law, or is within the ordinary knowledge and experience of laymen." Jackson, 627 A.2d at 1017 (citation omitted).

The plaintiff argues that it is within the knowledge of a layperson to determine whether the pronounced cuts in the road and associated warning breached CPM's duty to the motoring public. (Opp. Mot. Summ. J. 3.) General contractors are skilled professionals whose practice requires the testimony of expert witnesses in order to determine the requisite standard of care. Maravell v. R.J. Grondin & Sons, 2007 ME 1, ¶ 12, 914 A.2d 709 (requiring expert testimony to establish the duty of a general contractor for a blasting operation). In Maravell, the Law Court distinguishes between general contractors and subcontractors and stated, "While the standard of care of a blasting contractor may lie within common knowledge, the standard of care of a general contractor does not." Maravell, 2007 ME 1, ¶ 12, 914 A.2d 709.

The issues in this case include adequate warning signs, adequate road construction, and compliance with DOT requirements. A layperson has no basis on which to determine these issues. Further, the plaintiff has admitted that the project was governed by the DOT contract and the DOT standards and that the DOT resident engineer found no safety hazard resulting from the work of CPM and Pike. Accordingly, the court concludes that expert testimony is required to prove liability on the part of defendant CPM as a general contractor and defendant Pike as a subcontractor.

4

The entry is

Defendant CPM Constructors and Pike Industries, Inc.'s Motions for Summary Judgment are GRANTED. Judgment is entered in favor of Defendant CPM Constructors and Defendant Pike Industries, Inc. and against Plaintiff Eric Sirles on the Plaintiff's Amended Complaint.

Date: August 9, 2012

Nancy Mills
Justice, Superior Court

5

-----------------------------------------------------------------------------

ERIC SIRLES                                                           PL
        NADEAU, JAMES   Tel# (603) 436-0110
                507 STATE STREET PORTSMOUTH NH 03801

PIKE INDUSTRIES INC                                                   DEF
        RICHARDS, MICHAEL   Tel# (207) 780-6789
                511 CONGRESS ST PO BOX 9711 PORTLAND ME 04104-5011

CPM CONTRACTORS INC                                                   DEF
        GERMANI, ELIZABETH   Tel# (207) 773-7455
                43 DEERING STREET PORTLAND ME 04101