STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-324
TDW - Cum-10/28/2013

JAMES GAUDET, et al,

    Plaintiffs

v.

ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

OCT 28 2013

**RECEIVED**

R.J. GRONDIN & SONS INC.,

    Defendant

Before the court is a renewed Rule 50(b) motion by defendant R.J. Grondin & Sons for judgment as a matter of law.

Oral argument on the motion was held on September 26, 2013. At that time counsel for plaintiffs James and Justine Gaudet directed the court's attention to testimony by Grondin employees that the Gaudets contended was sufficient to establish the applicable standard of care. Accordingly, the court ordered a transcript of the testimony in question.

Standard of Care

Grondin's renewed motion for judgment as a matter of law primarily depends on the Gaudets' failure to call an expert witness to establish the standard of care applicable to contractors involved in a project that involved removing the existing pavement, excavating the area under the street, and installing a new sewer pipe.[1] The court agrees that expert testimony would ordinarily be required to establish the standard of care applicable to a contractor in the position of R.J. Grondin. Maravell v.

---

[1] This was part of the overall Capisic Pond Sewer and Stormwater Separation Project.

R.J. Grondin & Sons, 2007 ME 1 ¶ 12, 914 A.2d 709. A lay jury cannot be expected to know or evaluate appropriate construction techniques for the removal of existing pavement and replacement of sewer connections.

The Gaudets' argument to the contrary is based on the 1955 decision in Albison v. Robbins & White, 151 Me. 114, 116 A.2d 608. That case, however, involved blasting and represented part of a progression toward the strict liability standard ultimately announced in Dyer v. Maine Drilling & Blasting Inc., 2009 ME 126, 984 A.2d 210, for abnormally dangerous activities.

Although expert testimony would ordinarily be necessary to establish the standard of care, the court finds that the testimony of Grondin employees is sufficient to establish the standard of care in this particular case. Both Larry Tucceri and Tim Madore testified that it would not have been appropriate to remove pavement under the circumstances by first smashing the existing surface with the excavator. They instead testified that the correct method was to use the teeth of the bucket to peel back the existing pavement. Tr. June 26, 2013 at 96-99, 135. Although they primarily testified that smashing the bucket on the surface of the existing pavement was bad practice because it would harm the equipment and possibly injure the operator, they also testified that it would cause increased vibration. Id. 99, 135.

From this testimony and the other evidence presented at trial, the jury could have found that smashing the pavement constituted a violation of appropriate construction technique and that, if that technique was employed, it would have subjected the Gaudets' residence to increased vibration. Although the Grondin employees testified that they did not use this technique on Harvey Street, at least two other witnesses – James Gaudet and Jerome Gignac – testified that this technique had in fact been employed.

The weighing of evidence, including the credibility of witnesses, is reserved to the jury. Wood v. Bell, 2006 ME 98 ¶12, 902 A.2d 843. In this case, therefore, the jury

2

was entitled to credit the testimony of Gaudet and Gignac and conclude that a construction technique that the Grondin witnesses characterized as bad practice was used and caused increased and unnecessary vibration to the Gaudet residence.

A post-trial motion for judgment as a matter of law should not be granted if any reasonable view of the evidence could sustain the jury's verdict. Saucier v. Allstate Insurance Co., 1999 ME 197 ¶ 18, 742 A.2d 482. As a result, the testimony of the Grondin witnesses is sufficient in this case to establish the standard of care despite the Gaudets' failure to offer the expert testimony that would otherwise have been required.[2]

Juror 106

The additional argument made by Grondin in its motion is that the court should have disqualified Juror 106, who did not recognize the Gaudets' expert witness by name during voir dire but did recognize him once he appeared at the trial. On this issue Grondin is seeking a new trial.

The relevant portion of the trial transcript relating to this issue is found at Tr. June 25, 2013 at 166-73. For the reasons stated at oral argument on September 26 and confirmed by the court's review of the transcript, it is the court's recollection that Juror 106 did not have a close acquaintance with James Thibodeau and stated that her prior contact with Thibodeau would not affect her impartiality. As stated by the court on the record after an interview with Juror 106 in chambers, she stated that she could put aside any view of Thibodeau she had arrived at during the course of meeting with him as a school guidance counselor when evaluating his expert testimony as an engineer. Tr. June 25, 2013 at 172.

---

[2] This is true even though Grondin moved for judgment as a matter of law at the conclusion of plaintiff's case, before the Grondin witnesses testified. See 9B C. Wright & A. Miller, Federal Practice and Procedure: Civil 3d § 2534 at 523-24 (even though the court may have erred in denying the initial motion, the error is cured if subsequent testimony on behalf of the moving party repairs the defect in the opponent's case).

3

The court adheres to its oral ruling on September 26 that it sees no error in allowing Juror 106 to remain on the jury. The court also notes that the transcript reflects that the court understood after interviewing Juror 106 that all parties had agreed that she could stay. Tr. June 25, 2013 at 172. If counsel for Grondin was objecting, his objection was at best ambiguous. See Tr. June 25, 2013 at 172-73.

The entry shall be:

Defendant's renewed motion for judgment as a matter of law is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October 25, 2013

Thomas D. Warren
Justice, Superior Court

4

--------------------------------------------------------------------------------

03 0000004384             MARCZAK, THOMAS PAUL
    THREE CANAL PLAZA PO BOX 4630 PORTLAND ME 04112-4630
    F       RJ GRONDIN AND SONS INC                    DEF       RTND     08/15/2012

04 0000004672             STEIGELMAN, TIMOTHY E
    53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597
    F       JUSTINE GAUDET                             PL        RTND     07/26/2012
    F       JAMES GAUDET                               PL        RTND     07/26/2012