STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-100

MICHAEL HAMLIN,

        Plaintiff

v.

                                        ORDER

MAINE MOTEL, et al.,

        Defendants



STATE OF MAINE
Cumberland ss Clerk's Office

JUN 15 2015

RECEIVED

Before the court is defendant Maine Motel's motion to dismiss.

The standard applicable to a motion to dismiss is that

> [f]or purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim.

In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217.

In this case the rule that the material allegations of the complaint must be taken as admitted works against plaintiff Michael Hamlin because many of the material allegations in the complaint, taken as admitted, undercut his claim against the Maine Motel.

## Material Facts Alleged

Hamlin's complaint alleges that he was a paying guest at the motel for three weeks beginning January 25, 2015.[1] He alleges that near the end of his stay he introduced himself to another guest at the Motel, defendant Betsy Foster, and invited her in for drinks, at which time he learned she was engaging in prostitution. He alleges that the following day he saw a series of males enter Foster's motel room. One of those males was defendant Preston Cooper.

Hamlin's complaint further alleges that on February 13, while still paying for a room at the Motel, he was released from the Cumberland County Jail with a check for $2,212.00. Because his license was under suspension, he called Foster for a ride back to the Motel. Hamlin's complaint alleges that he also asked Foster to give him a ride to TD Bank the following day and that after cashing the check at TD Bank, he returned to Foster's car, counted the money in her presence, and placed it in his wallet.

Hamlin's complaint alleges that later that evening there was a knock on his motel room door and he opened it, expecting it to be Foster. However, the person who entered was Cooper who, in collaboration with Foster, assaulted Hamlin and stole $ 580. See final paragraph of the "Background" section in the complaint and ¶ 2.

Hamlin further alleges that the Motel knew or should have known that Foster was engaging in prostitution at the Motel, which created an unsafe environment for other guests including plaintiff. Complaint ¶ 9.[2] He alleges that the assault and robbery against him was a

---

[1] Many of the facts alleged in Hamlin's complaint are set forth in a section entitled "Background" without numbered paragraphs. Where allegations are recited without a reference to numbered paragraphs in the complaint, they are contained in the "Background" section.

[2] Elaborating on that allegation, Hamlin alleges that the Motel welcomes prostitutes and that the owner of the Motel has solicited a prostitute who was a guest at the motel for sex. Complaint ¶ 21.

2

direct and proximate result of the unsafe environment, Complaint ¶ 10, and that the Motel is responsible for the behavior of Foster and Cooper. Complaint ¶¶ 13-14.

Discussion

Absent a special relationship, persons have no legal duty to protect anyone from harm at the hands of third parties. *Estate of Cilley v. Lane,* 2009 ME 133 ¶ 17, 985 A.2d 481. However, innkeepers have been found to have a special relationship with their customers so that an innkeeper is required to exercise reasonable care to take such measures as are reasonably necessary to protect its customers from dangers, including intentional or negligent acts of third parties, that the innkeeper should reasonably anticipate. *See Brewer v. Roosevelt Motor Lodge,* 295 A.2d 647, 651 (Me. 1972). This is consistent with the duty of a landowner to exercise reasonable care to protect invitees from reasonably foreseeable harm caused by third persons. *See Baker v. Mid Maine Medical Center,* 499 A.2d 464, 469 (Me. 1985).

To the extent that Hamlin is alleging that the Motel should be strictly liable for the alleged actions of Foster and Cooper, Complaint ¶¶ 13-14, he is incorrect. The issue is whether the complaint adequately alleges that the Motel violated a duty to exercise reasonable care to protect Hamlin from reasonably foreseeable harm at the hands of Foster and Cooper. Whether a duty exists requires an examination of whether the defendant is "under an obligation <u>for the benefit of the particular plaintiff</u>." *Maravell v. R.J. Grondin & Sons,* 2007 ME 1 ¶ 7, 914 A.2d 709; *Trusiani v. Cumberland & York Distributors, Inc.,* 538 A.2d 258, 261 (Me. 1988) (emphasis added in both cases). The existence of a duty is a question of law. *Maravell v. R.J. Grondin & Sons,* 2007 ME 1 ¶ 7.

3

Accepting as true for purposes of this motion that the Motel knew or should have known that Foster was engaging in prostitution, the court cannot find from the complaint that the Motel was under a duty to protect Hamlin, who (1) although knowing that Foster was engaging in prostitution, (2) continued to associate with her, (3) asked her for a ride to the bank and (4) counted over $2000 in her presence and placed that sum in his wallet. Based on the allegations in the complaint, read in the light most favorable to plaintiff, the Motel's duty to take reasonable measures to protect its customers from reasonably foreseeable harms did not extend to this situation.

Hamlin does not allege that the Motel failed to have adequate locks on its doors or otherwise negligently failed to prevent third parties from obtaining access to his room. He alleges instead that he opened his door, assuming that the person who knocked was Foster.

Put another way, a landowner such as the Motel is not liable to invitees for harm caused by any activity on the premises whose danger is known or obvious to the invitees. Restatement (Second) of Torts § 343A(1). The danger of associating with someone who Hamlin knew was engaging in prostitution, asking that person for a ride to the bank, and counting a substantial sum of money in her presence was obvious.

In his complaint Hamlin alleges that the motel had insurance for fire and theft, Complaint ¶ 18, but the existence of insurance does not create a duty where none otherwise exists. In his opposition to the motel's motion to dismiss, Hamlin also relies on the Reach and Apply statute but that has no applicability in these circumstances. Finally, his complaint does not allege that Hamlin sought to place his money in the motel safe or any other facts that would potentially require consideration of 30-A M.R.S. §§ 3851 or 3854.

4

The entry shall be:

Defendant Maine Motel's motion to dismiss is granted. The case remains pending as against the other defendants. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).


Dated: June 15, 2015

Thomas D. Warren
Justice, Superior Court

5

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

MICHAEL HAMLIN #15305
MAINE CORRECTIONAL CENTER
17 MALLISON FALLS ROAD
WINDHAM ME 04062

*Plaintiff*

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

ROBERT HAYES ESQ
GERMANI MARTEMUCCI & HILL
43 DEERING STREET
PORTLAND ME 04101

Defendant Maine Motels
Counsel