

STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-110

ALMIGHTY WASTE, INC.          )
                              )
          Plaintiff,          )
                              )          ORDER ON DEFENDANT'S
                              )          SUMMARY JUDGMENT MOTION
     v.                       )
                              )          JUN 9 '17 PM4:05
MID-MAINE WASTE ACTION        )          ANDRO SUPERIOR COUR
CORPORATION                   )
                              )
          Defendant.          )

Before the court is Defendant Mid-Maine Waste Action Corporation's motion for summary judgment on Plaintiff Almighty Waste, Inc.'s negligence claim. For the following reasons, Defendant's motion is granted.

I.     Background

On September 2, 2014, a driver for Plaintiff drove a tractor truck owned by Plaintiff onto a scale owned and operated by Defendant, which collapsed causing significant damage to the truck. (Supp.'g S.M.F. ¶¶ 3-5.) On September 1, 2016, Plaintiff filed a complaint alleging Defendant's scale was in serious disrepair, had significant rusting, and was otherwise in such condition that it collapsed. (Supp.'g S.M.F. ¶¶ 1-2; Pl.'s Compl. ¶ 7.) Plaintiff's only designated expert is expected to testify only on the subject of costs to repair the truck. (Supp.'g S.M.F. ¶ 7.) On February 27, 2016, Defendant filed this motion for summary judgment.

II.    Standard of Review

Summary judgment is appropriate, if based on the parties' statement of material facts and the cited record, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.*, 2010 ME 20, ¶ 11, 989 A. 2d 733; *Dyer v. Dep't of Transport.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "[A] fact is

material if it could potentially affect the outcome of the case." *Reliance Nat'l Indem. v. Knowles Indus. Servs.*, 2005 ME 29, ¶ 7, 868 A.2d 220. A genuine issue of material fact exists where the fact finder must choose between competing versions of the truth. *Id.* (citing *Univ. of Me. Found. v. Fleet Bank of Me.*, 2003 ME 20, ¶ 20, 817 A.2d 871). When deciding a motion for summary judgment, the court reviews the materials in the light most favorable to the non-moving party. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. The court will consider "only the portions of the record referred to, and the material facts set forth in the [M.R. Civ. P. 56(h)] statements." *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646 (internal quotation marks omitted). The party opposing a summary judgment must point to specific facts showing that a factual dispute does exist in order to avoid a summary judgment. *Watt v. Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897; *Reliance Nat'l Indem.*, 2005 ME 29, ¶ 9, 868 A.2d 220.

III.    Discussion

In support of the motion for summary judgment, Defendant argues Plaintiff is unable to prove negligence because they have not designated an expert on the issues of breach of duty of care or causation. (Def.'s Mot. Summ. J. 4.) The deadline for Plaintiff's designation was December 26, 2016 (set by the scheduling order.) On December 22, 2016, Plaintiff designated their only expert witness to be a damage appraiser who is expected to testify about the costs to repair the truck. (Supp.'g S.M.F. ¶ 7.) Plaintiff maintains that an expert is not required to prove negligence in this case. (Pl.'s Opp'n to Def.'s Mot. Summ. J. 4.) Instead, Plaintiff's evidence to prove cause is their driver's personal observation that the scale was comprised of rusted pieces of steel, and an alleged conversation that their driver had with Mid-Maine employees who said that they "knew the scale was junk" and that they were "surprised the scale lasted as long as it did." (Opp. S.M.F. ¶ 5.) Defendant provided affidavits from these employees denying

making those statements. (Def.'s Reply S.M.F. ¶ 5.) Plaintiff argues they are not claiming that the scale malfunctioned, but that rust caused its collapse. (Pl.'s Opp'n to Def.'s Mot. Summ. J. 4.)

Plaintiffs are required to establish a prima facie case for duty, breach, causation, and damages to survive summary judgment. *Maddocks v. Whitcomb*, 2006 ME 47, ¶ 10, 896 A.2d 265. Expert testimony is required where a matter in issue is "within the knowledge of experts only, and not within the common knowledge of lay [persons]." *Bannon v. Atl. Comfort Sys.*, No. CV-15-0084, 2017 Me. Super. LEXIS 67, at *9 (Apr. 19, 2017) (quoting *Cyr v. Giesen*, 150 Me. 248, 252, 108 A.2d 316, 318 (1954).) Expert testimony may not be necessary, however, "where the negligence and harmful results are sufficiently obvious as to lie within common knowledge." *Bannon*, 2017 Me. Super. LEXIS 67, at *9 (quoting *Cyr*, 150 Me. at 252, 108 A.2d at 318); *Walter v. Wal-Mart Stores, Inc.*, 2000 ME 63, ¶ 31, 748 A.2d 961, 972 (it does not take an expert to know that a pharmacy filling a prescription with the wrong drug and failing to take the steps in place to check for the wrong drug is negligence); *Bannon*, 2017 Me. Super. LEXIS 67, at *9 (the standard of care that an HVAC servicer would owe when removing a key component of a humidifier, rendering the humidifier inoperable, and failing to replace it or inform the customer falls sufficiently within the sphere of common knowledge so as not to require an expert witness.)

Plaintiff argues that it is within the knowledge of a factfinder to determine that rust and disrepair caused the scale to collapse. (Pl.'s Opp'n to Def.'s Mot. Summ. J. 4.) However, the issue of cause in this case includes not just the external rust that could have been visible to Plaintiff's driver, but also the adequate maintenance, repair, and inspection of a commercial machine. A layperson has no basis on which to determine these issues. *See Sirles v. CPM Constructors*, No. CV-11-408, 2012 Me. Super. LEXIS 113,

at *6 (Aug. 9, 2012.) Defendant does not dispute their duty to maintain the scale, and admits that the scale was externally rusty. (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Summ. J. 2, 5.) However, while Plaintiff's alleged observation of rust could establish that the scale's collapse was foreseeable, to ask a factfinder to also infer actual causation from conflicting and inconclusive evidence from lay witnesses would replace fact-finding with conjecture. *See Tolliver v. DOT*, 2008 ME 83, ¶ 44, 948 A.2d 1223. Accordingly, the court concludes that expert testimony is required to prove liability. Even if this court were to decide that expert testimony was not necessary and that Defendant's employee's alleged statements were admissible pursuant to Maine Rule of Evidence 801(d)(2)(D), Plaintiff does not claim that they have knowledge as to the maintenance, repair, and inspection of the scale.

IV.    Conclusion

Defendant's motion for summary judgment is GRANTED.


The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: ___6/9/17___

MaryGay Kennedy
Justice, Superior Court

ALMIGHTY WASTE INC - PLAINTIFF

Attorney for: ALMIGHTY WASTE INC
MICHAEL DUBOIS  - RETAINED
588 MAIN ST
LEWISTON ME 04240

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2016-00110

**DOCKET RECORD**

vs
MID MAINE WASTE ACTION CORPORATION - DEFENDANT

Attorney for: MID MAINE WASTE ACTION CORPORATION
JOSEPH L CAHOON  - RETAINED 09/26/2016
RICHARDSON WHITMAN LARGE & BADGER
465 CONGRESS STREET
PO BOX 9545
PORTLAND ME 04112-9545


Filing Document: COMPLAINT                    Minor Case Type: OTHER NON-PERSONAL INJURY TORT
Filing Date: 09/01/2016

## Docket Events:

09/01/2016 FILING DOCUMENT - COMPLAINT FILED ON 09/01/2016

09/01/2016 Party(s):  ALMIGHTY WASTE INC
           ATTORNEY - RETAINED ENTERED ON 09/01/2016
           Plaintiff's Attorney: MICHAEL DUBOIS

09/16/2016 Party(s):  MID MAINE WASTE ACTION CORPORATION
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 09/07/2016
           THROUGH MARK BOWER, ESQ.

09/16/2016 Party(s):  MID MAINE WASTE ACTION CORPORATION
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 09/15/2016

09/26/2016 Party(s):  MID MAINE WASTE ACTION CORPORATION
           RESPONSIVE PLEADING - ANSWER & AFFIRMATIVE DEFENSE FILED ON 09/26/2016

09/26/2016 Party(s):  MID MAINE WASTE ACTION CORPORATION
           ATTORNEY - RETAINED ENTERED ON 09/26/2016
           Defendant's Attorney: JOSEPH L CAHOON

09/26/2016 ORDER - SCHEDULING ORDER ENTERED ON 09/26/2016
           MARYGAY  KENNEDY , JUSTICE
           ORDERED INCORPORATED BY REFERENCE AT THE SPECIFIC DIRECTION OF THE COURT.  COPIES TO
           PARTIES/COUNSEL

09/26/2016 DISCOVERY FILING - DISCOVERY DEADLINE ENTERED ON 05/26/2017

09/26/2016 ASSIGNMENT - SINGLE JUDGE/JUSTICE ASSIGNED TO JUSTICE ON 09/26/2016
           MARYGAY  KENNEDY , JUSTICE

12/09/2016 ADR - NOTICE OF ADR PROCESS/NEUTRAL FILED ON 12/02/2016
           MEDIATION SET FOR JANUARY 25, 2017 WITH JENNIFER FERGUSON, ESQ.