STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. CV-12-0394

LARRY COLLINS,

Petitioner

v.

STATE OF MAINE THROUGH
MAINE CORRECTIONAL CENTER

Defendant

**ORDER ON MOTION FOR
PRELIMINARY INJUNCTION**



STATE OF MAINE
Cumberland, ss. Clerk's Office

JUN 03 2013

RECEIVED

## BACKGROUND

Petitioner Larry Collins ("Collins"), filed a complaint against the Maine Correctional Center through the State of Maine ("State"), labeled a "Petition" dated September 24, 2012. In his complaint, Collins complained about the medical care and eye care provided to him at the Maine Correctional Center in Windham, where he currently resides, and at the Maine State Prison, where he was previously treated. Collins seeks, (1) injunctive relief in the form of an order from this Court to the Maine Correctional Center to transport him to an off facility provider, and (2) to transport him to "competent eye care professionals" and follow any recommendations that they make. Collins has also filed a motion for preliminary injunctive relief dated October 3, 2012 detailing similar complaints about his treatment and seeking similar relief.

## DISCUSSION AND ORDER

I.    Standard for Preliminary Injunction

In ruling on a preliminary injunction, the court must ordinarily consider four factors: (1) whether the plaintiffs will suffer irreparable injury in the absence of a preliminary injunction; (2) whether that injury outweighs any harm which granting injunctive relief would inflict on the defendant, (3) whether plaintiffs have demonstrated a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) whether the public interest would be adversely affected by granting the injunction. *Ingraham v. University of Maine*, 441 A.2d 691, 693 (Me.1982). These four criteria "are not to be applied woodenly or in isolation from each other; rather, the court of equity should weigh all of these factors together in determining whether injunctive relief is proper in the specific circumstances of each case." *Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 768 (Me. 1989). For example, if the evidence of success on the merits is strong, the showing of irreparable harm may be subject to less stringent requirements. *Id.* (citation omitted).

II.    Irreparable Injury

Although the plaintiff has provided the court with his own sworn affidavit in support of his motion, he has failed to establish any irreparable injury if he is not taken to an outside doctor for medical treatment.  Collins describes in his affidavit his medical conditions such as "black spots" on his "privates", diabetes, hernias, and vision problems but does not establish what, if anything, an outside doctor could do differently than those who currently treat him. In contrast, the State has submitted two expert affidavits, one from Collins' medical provider and one from his optometrist.  While the affidavit of Robert Clinton, M.D., agrees that Collins has medical issues, it is his opinion that "none of the medical issues . . . is serious in nature[]" and believes that ". . .

2

Mr. Collins' complaints largely originate from a somatization disorder (what is commonly referred to as being psychosomatic)." (Clinton Aff. ¶¶ 6-7.)

III.    Balancing of Harms

While the Court recognizes that the transportation and treatment of prisoners to outside providers places an additional financial burden on the Department of Corrections, a prisoners rights and health trump the State's fiscal concerns.

Therefore, in this instance, the health of Collins must take precedent over the financial burden on the State. It may be the case that Collins' ailments are properly diagnosed and the treatments being provided are appropriate, but as the State's own affidavits make clear Collins likely suffers from a somatization disorder that makes proper diagnosis more difficult. (*See* Roush Aff. ¶¶ 4-13 ("subjective eye exam results are inconsistent, do not fit any known pattern, and cannot be explained on either an anatomic or physiological basis"; Clinton Aff. ¶ 4 (I [Dr. Robert Clinton] am . . . of the opinion that while Mr. Collins does have some actual medical conditions, his subjective complaints about them do not match the objective evidence").)

IV.    Likelihood of Success

A "likelihood of success on the merits" is "at most, a probability; at least, a substantial possibility." *Bangor Historic Track, Inc. v. Dep't of Agric.*, 2003 ME 140, ¶ 9, 837 A.2d 129. This court is not convinced that petitioner has reached either of these benchmarks. Although the State must provide medical treatment for it prisoners Maine has determined that the only right that a prisoner has is to adequate care as determined necessary by the facility-treating provider. 34-A M.R.S. §3031(2) (2012).[1]

_____

[1] 34-A M.R.S. §3031(2) (2012) states in part that,

Any person residing in a correctional or detention facility has a right to:

3

As the State correctly points out, it has been the law in Maine that when a fact is such that it cannot be proven by testimony lying within a layperson's knowledge, then a plaintiff is required to produce expert testimony. *See Maravell v. R.J. Grondin & Sons*, 2007 ME 1, ¶ 11, 914 A.2d 709. 712. Here, Collins has failed to file an affidavit from any expert regarding the care that he has received or what an outside provider may offer differently than what the prison has already offered. In contrast, the State has provided the court with two expert affidavits, one concerning Collins' medical care and one concerning his eye care, as well as records supporting the affidavits. Additionally, Collins has failed to provide the court with any legal basis for his supposition that a prisoner has the right to outside medical providers. Therefore based on the legal and factual submissions before the court at this time, there is no likelihood of success on the merits. *See Bangor Historic Track, Inc.*, 2003 ME 140, ¶ 9, 837 A.2d 129, 132.

V.     Harm to Defendants and Public Interest Issues

The Court accepts the State's argument that transporting prisoners to outside providers is a financial burden on taxpayers and a threat to public safety. As the State points out, transporting prisoners to community providers spends taxpayers' monies for the transport itself; for the correctional officers doing the transport; and for payment of services rendered by the outside providers. As for public safety, the State argues that every officer transporting a prisoner in the community is an officer not on the facility grounds to deal with prisoners there, and every time a prisoner is taken out of a facility and into the community, there is an increased risk of escape and

...

2. **Medical care.** Adequate professional medical care and adequate professional mental health care, which do not include medical treatment or mental health treatment requested by the client *that the facility's treating physician or treating psychiatrist or psychologist determines unnecessary.* (Emphasis added).

4

harm to the public. Collins has failed to submit any legal memorandum in support of his motion and to rebut the State's arguments.

Accordingly, the Court denies Collins' request for a preliminary injunction having failed to establish the four factors required for a preliminary injunction. *See Ingraham v. University of Maine*, 441 A.2d 691 (Me.1982).

VI.     Physical Examination

Although Collins is not entitled to a preliminary injunction, there remains the issue whether he may be entitled to some form of relief if he prevails on his "petition." Collins is represented by counsel. Counsel should confer with counsel for the State to determine whether a Rule 35(a) order should be entered.

Under Maine Rule of Civil Procedure 35(a) when the mental or physical condition of a party is in controversy the court may order the party to submit to a physical or mental examination.[2] Here Collins' physical and mental conditions are clearly at the heart of this matter. Collins alleges that without proper outside medical care he fears that "he will die or go blind[.]" (Compl. ¶ 11.) Although Collins has failed to provide the court with an affidavit from an expert in support of his motion, the court recognizes the limited resources and opportunities available to an incarcerated plaintiff to obtain affidavits that support his claim. The court also recognizes that treatment by outside providers can stress the limited financial and staff resources of the

---

[2] M.R. Civ. P. 35 states in pertinent part:

> (a) Order for Examination. When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a licensed physician or a mental examination by a licensed psychologist, or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

5

Department of Correction. While neither party to this action has explicitly filed a motion for an independent medical exam pursuant to Rule 35(a), the court would consider such a request unless the treating providers or the prison determine an outside evaluation unnecessary. Without the opportunity to be examined by a physician outside those who have already treated Collins, he will forever remain at a strategic disadvantage throughout the litigation and likely never be given an opportunity to meet the burdens required by law. However, the Court is limited by 34-A M.R.S. § 3031(2)(2012).

The entry is:

1. Petitioner's Motion for Preliminary Injunction is DENIED.

2. Pursuant to M.R. Civ. P. 16A(b)(5), the Court orders counsel for all parties to participate in a status conference with the court in the next forty-five days to outline further proceedings.

DATED: May 31, 2013

Joyce A. Wheeler
Superior Court Justice

6

-----------------------------------------------------------------------------

01 0000003530          SLEEK, DIANE
    6 STATE HOUSE STATION AUGUSTA ME 04333-0006

| | | | | |
|---|---|---|---|---|
| T | LARRY COLLINS | PL | W/DRWN | 12/28/2012 |
| F | MAINE CORRECTIONAL CENTER | DEF | RTND | 12/28/2012 |

02 0000009251          ROBINSON, RANDY L
    PO BOX 10653 PORTLAND ME 04104

| | | | | |
|---|---|---|---|---|
| F | LARRY COLLINS | PL | RTND | 09/24/2012 |

LARRY COLLINS,

     Petitioner

     v.

**DECISION AND JUDGMENT**

STATE OF MAINE THROUGH
MAINE CORRECTIONAL CENTER

     Defendant

## BACKGROUND

Petitioner Larry Collins ("Collins"), filed a complaint against the Maine Correctional Center through the State of Maine ("State"), labeled a "Petition" dated September 24, 2012. In his complaint, Collins complained about the medical care and eye care provided to him at the Maine Correctional Center in Windham, where he currently resides, and at the Maine State Prison, where he was previously treated. Specifically, Collins complained about the medical care provided for him for a hernia and spots on his scrotum and about the eye care provided to him with regard to eyeglass prescriptions. Collins seeks, (1) injunctive relief in the form of an order from this Court to the Maine Correctional Center to transport him to an off facility provider, and (2) an order to transport him to "competent eye care professionals" and follow any recommendations that they make. The Court previously denied a motion for a preliminary injunction that was filed by Collins. *See* Order dated May 31, 2013. The State now asks the court to grant it summary judgment on the grounds that there are no material issues in dispute about the Collins' medical and eye care treatment.

## STANDARD FOR REVIEW

"Summary judgment is appropriate when there is no genuine issue of material fact that is in dispute and, at trial, the parties would be entitled to judgment as a matter of law." *Fitzgerald v. Hutchins*, 2009 ME 115, ¶ 9, 983 A.2d 382. "An issue is genuine if there is sufficient evidence supporting the claimed factual dispute to require a choice between the differing versions; an issue is material if it could potentially affect the outcome of the matter." *Brown Dev. Corp. v. Hemond*, 2008 ME 146, ¶ 10, 956 A.2d 104. To survive a defendant's motion for summary judgment, "the plaintiff must establish a prima facie case for each element of her cause of action." *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897.

In considering a motion for summary judgment, the court should consider the facts in the light most favorable to the non-moving party, and the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. Rule 56(h) requires a party that is opposing a motion for summary judgment to support any qualifications or denials of the moving party's statement of material facts with record citations. *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 6 n.5, 770 A.2d 653. "All facts not properly controverted in accordance with this rule are deemed admitted." *Rogers v. Jackson*, 2002 ME 140 ¶ 7, 840 A.2d 379 (*citing* M.R. Civ. P. 56(h)(4)).

With regard to the requirements for responding to a motion for summary judgment, Collins has failed to follow the requirements of M.R.Civ.P. 56(h)(2) and (4) that a qualification to a statement of material fact must be supported by a citation to the record. Collins asserted many qualifications. In fact, he qualified statements 2-7, 10 and 15. However, he failed to cite to anywhere in the record where his qualification is supported. Collins relies on the claim that he is

2

a layperson and does not know if the objective evidence would be consistent with the State's treatment providers. Although Collins does not agree with the diagnosis that he is psychosomatic, he does not deny that the medical providers think he is psychosomatic. Because Collins has failed to properly respond, all of the statements of material fact presented by the State are deemed admitted.

## FACTS

The following facts are deemed admitted by the plaintiff for the reasons set forth above. Seven different primary care providers have seen Collins since June 13, 2012, including a doctor who practices in the community. (DSMF ¶ 1.) Collins does have some actual medical conditions, but his subjective complaints do not match the objective evidence. (DSMF ¶ 3.) On physical examination, he has a mild hernia issue, which does not require surgery or specialist care. (DSMF ¶ 4.) Collins has scrotal venous varicosities, which is a benign condition. (DSMF ¶ 5.) None of the medical issues about which Collins complains is serious in nature. (DSMF ¶ 6.) Prior medical evaluations support that Collins' complaints largely originate from a somatization disorder. (DSMF ¶ 7.) At least three other primary care providers who have treated Collins share this opinion. (DSMF ¶ 8.)

With regard to Collins' eye care, three different optometrists in the last several years have seen Collins, including two community providers in 2012. (DSMF ¶ 9.) Collins subjective eye exam results are inconsistent, do not fit any known pattern and cannot be explained on either an anatomic or physiological basis. (DSMF ¶ 10.) None of the optometrists has been able to find any eyeglass prescription to resolve Collins' subjective complaints. (DSMF ¶ 11.) In January 2012, an outside optometrist measured Collins' corrected visual acuity as 20/30 in the right eye and 20/50 in the left eye. (DSMF ¶ 12.) That was the same for the right eye and better for the

3

left eye than measurements taken by the same eye care provider on November 18, 2011. (DSMF ¶ 13.) On August 8, 2012, Collins was seen by a different outside optometrist, who measured his corrected visual acuity at 20/40 in each eye. (DSMF ¶ 14.) There is no objective evidence to show that Collins has a serious vision problem. (DSMF ¶ 15.)

The optometrist from Vision Care of Maine wrote a bifocal prescription for both near and distance for Collins in January 2012. (DSMF. ¶ 16.) The optometrist from Eyecare Medical Group wrote Collins a prescription for bifocals in August 2012. (DSMF ¶ 17.) It was only when Collins said he wanted two separate pairs of eyeglasses that this optometrist wrote him two single focal prescriptions, one for near and one for distance vision. (DSMF ¶ 18.) There is no clinical reason for two pairs of glasses with separate prescriptions and both prescriptions can easily be accommodated in a single pair with a bi-focal lens. (DSMF ¶ 19.) Choosing to have bi-focals is what the facility optometrist recommended, but Collins chose single focal glasses instead, and was give them in September of 2012. (DSMF ¶ 20.) In March of 2013, Collins refused glasses that were manufactured using the bi-focal prescription received form the Eyecare Medical Group. (DSMF ¶ 21.)

## DISCUSSION

The plaintiff failed to establish any of the elements for injunctive relief. He has failed to demonstrate irreparable injury if he is not taken to an outside doctor for medical treatment. Collins described in his affidavit his medical conditions such as "black spots" on his "privates", diabetes, hernias, and vision problems but does not establish what, if anything, an outside doctor could do differently than those who currently treat him within the Corrections Department. In contrast, the State has submitted two expert affidavits, one from Collins' medical provider and one from his optometrist. While Dr. Clinton agreed that Collins has medical issues, it is his

4

opinion that "none of the medical issues . . . is serious in nature []" and that " . . . Mr. Collins' complaints largely originate from a somatization disorder." Dr. Clinton opined that Collins' hernia does not require surgery or a specialist for treatment and his scrotal condition is a benign one.

Collins, although given the opportunity by the court, failed to produce an affidavit from any expert to counter the State's experts. He could have asked an outside doctor to conduct a record review or to examine him. Collins did neither. When a fact is such that it cannot be proved by testimony lying within a layperson's knowledge, then the party is required to produce expert testimony. *See Maravell v. R.J. Grondin & Sons*, 2007 ME 1, ¶ 11, 914 A. 2d 709, 712-713. Collins' failure to file an affidavit from an expert regarding the care that he received or what an outside provider may offer differently from what the prison has already offered is fatal. Collins cannot show irreparable harm or likelihood of success on the merits without any expert medical testimony.

Collins has failed to show that he is likely to succeed on the merits of his claims. Collins has failed to cite any authority that a prisoner has a right to the providers or treatments of his choice. Except in the case of deliberate indifference to a serious medical need, *Estelle v. Gamble*, 429 U.S. 97 (1976), the only right a prisoner has is to adequate care as determined necessary by the facility's treating provider. 34-A M.R.S. § 3031(2). [1] Collins has produced no evidence of

---

[1] 34-A M.R.S. §3031(2) (2012) states in part that,
> Any person residing in a correctional or detention facility has a right to:
> . . .
> **2. Medical care.** Adequate professional medical care and adequate professional mental health care, which do not include medical treatment or mental health treatment requested by the client *that the facility's treating physician or treating psychiatrist or psychologist determines unnecessary.* (Emphasis added).

5

deliberate indifference to a serious medical need. Rather, the State has produced more than enough evidence that Collins is psychosomatic. No matter how many more second opinions that Collins receives about his medical condition, he will never be satisfied. The history of his eye care readily demonstrates this.

While the financial interests of the State might not otherwise trump the interest of a prisoner whose health is truly at risk, in this case the State's financial interests clearly outweigh the medical interests of Collins. Based on the fact that Collins has produced no evidence to meet any of the requirements for injunctive relief, the State's motion for summary judgment is granted.

The entry is:

State's Motion for Summary Judgment is GRANTED.

DATED: December 6, 2013

Joyce A. Wheeler
Superior Court Justice

Larry Collins-Randy Robinson Esq
State-Diane Sleek AAG

6